## 17868

John H. TENNANT, Appellant, v. SOUTH CAROLINA and North Carolina, of which South Carolina is Respondent

(123 S. E. (2d) 854)

*John H. Tennant, Appellant, Pro Se,* of Columbia,

*Messrs. Daniel R. McLeod, Attorney General,* and *J. C. Coleman, Jr., Assistant Attorney General,* of Columbia, *for Respondent,*

February 5, 1962.

LEGGE, Justice.

Appellant, an inmate of the State Penitentiary, appeals from a circuit court order denying his petition for a writ of *habeas corpus*. The record does not indicate that the petition was served on North Carolina, or that she submitted to the jurisdiction or in anywise participated in the cause.

In 1957 appellant was, in the Court of General Sessions for Chesterfield County, convicted of housebreaking and safe-cracking and thereupon sentenced to a term of fifteen years in the State Penitentiary. He entered upon the service of that sentence on June 11, 1957. In 1960, upon order of the Governor of South Carolina, he was taken from the State Penitentiary to North Carolina to stand trial in the Superior Court of Iredell County on a charge of first degree murder. He was there convicted of murder and sentenced to life imprisonment. He was committed to the North Carolina State Prison to serve that sentence; and there he remained until November 18, 1960, when he was returned to South Carolina to complete service of his fifteen-year sentence in this state.

Appellant, who had protested both his transfer to North Carolina and his return to South Carolina, then petitioned the Honorable John Grimball, Judge of the Fifth Judicial Circuit, for a writ of *habeas corpus,* contending in support of his claim of unlawful detention that South Carolina had lost jurisdiction of him by surrendering him to the au-

thorities of North Carolina, and that North Carolina had likewise lost jurisdiction by permitting his transfer back to South Carolina.

"One accused of crime has a right to a full and fair ▆ trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. * * He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. * * * Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it." *Ponzi v. Fessenden,* 258 U. S. 254, 42 S. Ct. 309, 66 L. Ed. 607, 22 A. L. R. 879. As was said in *Rigor v. State,* 101 Md. 465, 61 A. 631, 4 Ann. Cas. 719: "The penitentiary is not a place of sanctuary, and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some earlier judgment of guilt." See also: *Fowler v. State,* 196 Ga. 748, 27 S. E. (2d) 557; *People ex rel. McCarthy v. Ragen,* 389 Ill. 172, 58 N. E. (2d) 872.

The fact that appellant was in prison, serving a sen- ▆ tence for an offense against the laws of South Carolina, gave him no immunity from prosecution for another offense that he had committed against the laws of North Carolina. South Carolina had the right to retain exclusive custody of him throughout the term of his sentence; but he had no right to demand that she do so. The principle of comity between states is an attribute of their sovereignty.

To accept appellant's contention in the instant case would, in effect, be to imprison Justice for a term coextensive with his sentence for the crime that he committed in South Carolina, and thus to impede and probably nullify the right of civilized society to try him for the murder that he committed in North Carolina. As to neither crime is there before us any issue of his guilt or innocence. He tacitly concedes that in

each state case he was fairly tried; he does not complain of mistreatment by the authorities charged with his custody; it is manifest that the term of his sentence in South Carolina has not yet expired. In our opinion Judge Grimball did not err in holding that his petition was on its face devoid of merit, and that he was not entitled to the writ.

Affirmed.

TAYLOR, C. J., and Moss and LEWIS, JJ., concur.