Petition of Lester F. FREEZE, Jr., for Injunction.

No. AC–1553.

United States District Court
E. D. South Carolina,
Columbia Division.

Oct. 14, 1964.

Lester F. Freeze, Jr., petitioner, pro se.

HEMPHILL, Chief Judge.

Before the Court are affidavits and a petition for an injunction by Lester F. Freeze, Jr., who, asking leave to proceed in forma pauperis, alleges, inter alia, that he was arrested on May 21, 1961 at Lewiston, Pennsylvania, on a charge of transporting forged securities interstate, that he was sentenced to serve five years imprisonment therefor on August 31, 1961, that he is presently incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania, and has been there since September 5, 1961, and that he has approximately three months to serve before his release;[1] that since sometime in the spring of 1961 T. L. Ferguson, a magistrate in McCormick County, South Carolina, has had a warrant against petitioner which charges him with issuing a fraudulent check, and that such warrant is presently being "held against him" at his present "quarters" without any of the prosecuting authorities in McCormick County making any attempt to accord to petitioner his constitutional right to a "speedy trial".

In substance, petitioner alleges that he has been available for trial since the day he entered the United States Penitentiary in 1961 because prisoners are available for trial from the Federal Bureau of Prisons upon application being duly made.[2] He alleges that a reasonable time has passed for him to be accorded his right to a speedy trial because the fact of his imprisonment is not an immunity from prosecution. See Ponzi v. Fessenden, supra, 258 U.S. at page 264, 42 S.Ct. at page 312 where it is said " * * * the fact that a defendant in an indictment is in prison serving a sentence for another crime gives him no immunity from the second prosecution."

Petitioner argues that because a state is under a duty to attempt to gain custody and that undue delay in such attempt would constitute a denial of a speedy trial, this Court should issue an injunction against the authorities in McCormick County which in effect would quash the warrant or indictment against him. See generally Taylor v. United States, 99 U.S.App.D.C. 183, 238 F.2d 259.

Petitioner's argument is without efficacy. He argues that this "denial" of a speedy trial is "causing an undue hardship upon him in preparing a defense", and that he is suffering from "mental anxiety", inter alia, therefrom. Such may be the case.

With full cognizance of the enlargement of the meaning of the rule of "exhaustion" in Fay v. Noia, 372 U. S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837, still this Court is not in a position to grant the injunction requested by petitioner. When petitioner is brought to trial in the State Courts, he has every right to raise his defense of denial of speedy trial.[3] Meanwhile, petitioner has not only not "exhausted" his state remedy, he has not even commenced it.

As is noted in Fay v. Noia, supra, at page 420, 83 S.Ct. at pages 838–839:

"Solution (to the problems of a dual system of government is) * * *

---

1. Apparently petitioner contemplates an early release for "good behavior" or parole.

2. Ponzi v. Fessenden, 258 U.S. 254, 262, 42 S.Ct. 309, 66 L.Ed. 607; and see

Rees v. Peyton, 225 F.Supp. 507, 509 (E.D.Va.1964).

3. Const. South Carolina 1895, art. 1, §§ 15, 18.

found in the doctrine of comity between courts, a doctrine which teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

"Of course, orderly and reasonable state procedures should be exhausted before an applicant's petition will be entertained in a federal court." Hunt v. Warden, Maryland Penitentiary, 335 F.2d 936, 940 (4th Cir. 1964).

South Carolina and the United States are separate sovereignties. And the United States certainly has no authority, no power, to compel South Carolina to prosecute petitioner forthwith, nor can this Court compel South Carolina to invoke comity for the surrender of the petitioner to its custody for the purpose of trial upon a state charge. This is a matter entirely within its discretion and involves no personal right of petitioner. Stamphill v. United States, 135 F.2d 177, 178 (10th Cir. 1943), In Re Yager's Petition, 138 F.Supp. 717, 718 (E.D.Ky.1956).

The failure of the State to bring petitioner to trial while he is in the lawful custody of the United States does not deny him his right to a "speedy trial". His argument that he is or has been denied this right can be asserted, if he wishes, at the time of his State trial. See, e. g., Tennant v. South Carolina, 239 S.C. 497, 123 S.E.2d 854 (1962).

Title 28 U.S.C. § 2283 provides that "A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress * * *." Though the Act is applicable to all State proceedings, the policy against interference with State criminal proceedings is stronger than with respect to civil proceedings. United States v. Wood, 295 F.2d 772, 779 (5th Cir. 1961). See also Wright on Federal Courts (1963), § 47.

It is ordered that leave to file the petition of Lester F. Freeze, Jr. without the prepayment of costs or fees or the giving of security therefor is granted, and the petition is denied and dismissed because it appears from the facts disclosed therefrom that petitioner is not entitled to the relief for which prayer is made.

And it is so ordered.