Leroy **HENDERSON**, Appellant,

v.

**CIRCUIT COURT OF the TENTH JUDICIAL CIRCUIT, STATE OF ALABAMA et al., Appellees.**

No. 25221.

United States Court of Appeals
Fifth Circuit.

April 22, 1968.

Leroy Henderson, pro se.

David W. Clark, Asst. Atty. Gen., Montgomery, Ala., for appellees.

Before GODBOLD and SIMPSON, Circuit Judges, and McRAE, District Judge.

PER CURIAM:

Leroy Henderson, the appellant, petitioned for dismissal of an Alabama state felony charge and a detainer against him when he was serving a federal sentence in Atlanta, on the ground that the state had denied him a speedy trial while he was in federal custody. The district court denied relief and we affirm.

The appellant avers that while he was free on bail relative to the Alabama charge of "possession of a pistol after conviction of a felony", he departed that state; was sentenced to serve two years in a Georgia state court; escaped; and subsequently was convicted and sentenced for violation of the Dyer Act, Title 18, U.S.C. Section 2312.

From the record it further appears that the appellant has completed service of his federal sentence and presently is

serving the remainder of his Georgia state sentence. We have no doubt that the State of Alabama could have obtained custody of the appellant for purposes of trial during service of his federal sentence, had the state desired to do so.

 The appellant contends that the refusal of the State of Alabama to bring him to trial by means of a writ of habeas corpus ad prosequendum deprived him of his right to a speedy trial in violation of his constitutional rights under the Sixth and Fourteenth Amendments. He alleges further that during the delay, two of his defense witnesses have died, so that he could not receive a fair trial now or in the future.

The applicable law was well stated in McCary v. State of Kansas, 10 Cir. 1960, 281 F.2d 185, 187, as follows:

"It is well settled that the failure of a state to bring a defendant to trial on a state charge during the period of his confinement in a federal penal institution on a federal charge will not support a claim of denial of a speedy trial by the state court. The reason for the rule is that he is in custody in the federal penal institution because of his own wrongdoing and is beyond the custody and control of the state court, even though the federal government might grant the request of the state for custody of the defendant for the purpose of trial on the state charge."

No case has come to our attention which authorizes the United States courts to require a state to invoke comity to obtain custody of a federal prisoner in order to try him on a state charge; the authority is to the contrary. It has been uniformly held that whether a state shall invoke comity to obtain a federal prisoner for trial upon a state charge is a matter within its discretion and is not subordinate to any personal right of the prisoner. Ponzi v. Fessenden, 258 U.S. 254, 42 S.Ct. 309, 66 L.Ed. 607 (1922); Stamphill v. United States, 10 Cir. 1943, 135 F.2d 177; In re Yager, D.C.E.D.Ky. 1956, 138 F. Supp. 717.

As the court observed in State of Maryland v. Kurek, D.C.D.Md. 1964, 233 F. Supp. 431, 433, a defendant "may raise the point that he has been denied a speedy trial if and when he is brought to trial in the State Court; if he unsuccessfully exhausts his State remedies in connection therewith, he may seek relief by habeas corpus in * * * Federal Court. Hunt v. Warden, 4 Cir., 335 F.2d 936 (1964); Edmondson v. Warden, 4 Cir., 335 F.2d 608 (1964). * * *" Accord: Bistram v. People of State of Minnesota, 8 Cir. 1964, 330 F.2d 450; Petition of Freeze, D.C.E.D.S.Car. 1964, 234 F.Supp. 427. This course of action will be open to the appellant in the event that the State of Alabama prosecutes him on the indictment pending against him there.

The judgment of the district court is affirmed.