Roland Mike **SANDERS**

v.

**UNITED STATES of America, Olin .G. Blackwell, Warden, et al.**

**No. 12441.**

United States District Court
N. D. Georgia,
Atlanta Division.

Feb. 10, 1969.

Chárles L. Goodson, U. S. Atty., Atlanta, Ga., for respondents.

Roland Mike Sanders, pro se.

**ORDER**

HENDERSON, District Judge.

Petitioner, a federal prisoner, incarcerated in the Atlanta Federal Penitentiary, files with this court a legal paper of lengthy title, which, in effect, requests habeas corpus and a declaratory judgment, under 28 U.S.C. § 2201. Let the petition be filed in forma pauperis.

Petitioner's remedy is, indeed, a declaratory judgment, because the court is powerless to grant habeas corpus to him. He alleges that a detainer has been placed against him by the officials of Detroit, Wayne County, Michigan, and filed with the warden of the penitentiary. He complains that the detainer is filed in the name of "M. C. Griffin", and that he and Griffin are not the same person. Of course, 28 U.S.C. § 2254 requires that Sanders exhaust his available state remedies as to constitutional claims before applying for federal relief. Therefore, his petition seeks, in essence, a speedy trial on the offense for which the Wayne County detainer has been placed against him, in Wayne County, Michigan.

The case of Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607, 1969, by the United States Supreme Court, has dramatically changed petitioner's right with respect to a speedy trial. Prior to the *Smith* case, the State of Michigan had no responsibility to invoke comity to obtain a federal prisoner for trial upon a state charge, the matter being within the state's discretion and not subordinate to any personal right of the prisoner. See Henderson v. Circuit Court of the 10th Judicial Circuit, State of Alabama, 392 F.2d 551 (5th Cir. 1968), and cases therein cited. Howev-

er, *Smith* now requires that, upon the petitioner's demand, Michigan has a constitutional duty to make a diligent, good faith effort to bring him before the Wayne County court for trial. 89 S.Ct. 575. The case of Pitts v. North Carolina, 395 F.2d 182 (4th Cir.1968), is instructive as to the time allowed the state in accomplishing a speedy trial.

First, petitioner must file a demand for trial, to which he is entitled, under Smith v. Hooey, in Wayne County, Michigan. Petitioner must, of course, exhaust all available state remedies, under 28 U.S.C. § 2254. If petitioner, for some reason upon exhaustion of available state remedies, has not received a trial on the offense charged in the detainer, and then seeks the aid of the United States District Court, the appropriate court will be located in the detaining state, Michigan. See Word v. North Carolina, 406 F.2d 352 (4th Cir. 1969).

For the above reasons, the petition is granted to the extent of petitioner's rights as declared by the court in this order, but denied as to the habeas corpus and any other form of affirmative relief.