436 F.2d 966
 YOO KUN WHA, Petitioner-Appellant,
v.
SHERIFF OF FULTON COUNTY, STATE OF GEORGIA, Respondent-Appellee.
No. 30112 Summary Calendar.*
*Rule 18, 5th Cir., See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 Dec. 11, 1970, Rehearing Denied Jan. 18, 1971.
 
 Yoo Kun Wha, pro se.
 Lewis R. Slaton, Sol. Gen., Atlanta Judicial Circuit, for appellee; Tony H. Hight, Asst. Dist. Atty., Atlanta Judicial Circuit, of counsel.
 Before WISDOM, COLEMAN, and SIMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Yoo Kun Wha is serving a sentence of life imprisonment in Florida. In 1963 officials of Fulton County, Georgia, lodged a detainer with the Florida prison officials charging Yoo Kun Wha with a capital offense under the Georgia Code, committed in 1962, and requesting that the prisoner be turned over to them upon release from Florida's custody.
 
 
 2
 In September 1965 the defendant wrote to Fulton County judicial officers demanding a speedy trial. This and later requests were denied under the former rule that a state has no constitutional obligation to seek to try an individual being held in custody by another sovereign, either another state or the federal government. See, e.g., Henderson v. Circuit Court, 5 Cir. 1968, 392 F.2d 551.
 
 
 3
 January 1969, the Supreme Court decided that a state does have a constitutional obligation to make a diligent, good-faith effort to bring such a defendant to trial by seeking extradition from the custody state. Smith v. Hooey, 1969, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607.
 
 
 4
 The defendant, relying on Smith v. Hooey, sued in federal district court for the dismissal of the outstanding detainer against him. The district court held that he was entitled to no relief at this time because he had not made a post-Smith v. Hooey demand for speedy trial. We affirm.
 
 
 5
 The opinion of the Court in Smith v. Hooey did not discuss the issue of the petitioner's remedy. The petitioner in that case was in a position similar to Yoo Kun Wha's: he had unsuccessfully sought a speedy trial a number of years before. The Court remanded the case to the state courts. Mr. Justice Harlan, in his concurrence, argued that the decision should not result in the automatic dismissal of the charge, but rather the requirement that the state then prosecute within a reasonable time or forfeit that right. We find this reasoning persuasive. See May v. Georgia, 5 Cir. 1969, 409 F.2d 203. The Supreme Court simply voided a defense to the charge of a denial of a speedy trial. It did not decide that every time there had been a denial of a petitioner's request on the basis of the old rule the defendant had a right to discharge.
 
 
 6
 The appellant contends that a seven year delay is inherently prejudicial. But a 'state trial judge, not a federal district court, should initially decide the question of denial of the right to speedy trial.' Lawrence v. Blackwell, N.D.Ga.1969, 298 F.Supp. 708, 716. If the state does seek to try this defendant, he can raise in the state trial court the issue of actual prejudice.
 
 
 7
 The petitioner's proper remedy now is to follow the procedures established under state law for asserting his right to a speedy trial. This may involve a demand to the trial court for a speedy trial or a motion to dismiss the charge for want of prosecution. If a trial does not follow this action within a reasonable time, the court would be constitutionally compelled to dismiss the charge. If the trial court refuses to act, the petitioner must pursue whatever state remedies are available to determine his rights. If after exhausting his state remedies the petitioner has obtained no relief, he may then seek habeas corpus in a federal district court.
 
 
 8
 The judgment of the district court is affirmed.