### 23875. HOLBROOKS *v.* THE STATE.

BROYLES, C. J. 1. The following excerpt from the charge of the court was not erroneous: "The defendant is allowed to make to the court and jury just such statement in his own behalf as he sees fit. His statement is not under oath and is not subject to cross-examination, and you are authorized to give it such weight and credit only as you think it is entitled to receive. You may believe it in whole or in part, and you may believe it in preference to the sworn testimony in the case." *Brent* v. *State*, 44 *Ga. App.* 777 (2) (163 S. E. 319); *Jeffords* v. *State*, 41 *Ga. App.* 618, 620 (154 S. E. 201).

2. The several other excerpts from the charge, complained of, when considered in the light of the charge as a whole and the facts of the case, show no reversible error.

3. Complaint is made in a ground of the motion for a new trial that after the introduction of evidence and the defendant's statement and the charge of the court; and after the jury had retired, and while they were considering their verdict, the court remaining in session, presumably for the trial of other cases, the defendant, without his or his attorney's consent, was taken from the court-house and returned to the jail where he was kept until the court was informed that the jury had reached a verdict, whereupon he was brought back into the court-room and the verdict was received and read in his presence. It does not appear from the ground that during the absence of the accused anything connected with his case occurred in the court-room except the communication to the judge that the jury had agreed on a verdict. While, as said in *Tiller* v. *State*, 96 *Ga.* 430 (23 S. E. 825), "the rule that one on trial

for a criminal offense is entitled to be personally present at every stage of the proceeding is too well settled to require argument or the citation of authority," the rule will not be extended to cover the facts of this case. In the *Tiller* case the defendant was absent from the court-room during the argument of the solicitor-general, and, as said by the Supreme Court in that case, "it can not be doubted that the argument of counsel is a stage of the proceedings."

4. The verdict was amply authorized by the evidence, and the refusal to grant a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*

DECIDED MARCH 29, 1934.

*Bynum & Frankum,* for plaintiff in error.
*Robert McMillan, solicitor-general,* contra.