FOWLER *v.* THE STATE.

749

No. 14645.  OCTOBER 7, 1943.  REHEARING DENIED NOVEMBER 12, 1943.

*R. E. Kirby* and *Howell Brooke,* for plaintiff in error. *T. Grady Head, attorney-general, H. G. Vandiviere, solicitor-general, Wood & Spence,* and *L. C. Groves, assistant attorney-general,* contra.

On rehearing motion, *Paul Crutchfield, J. R. Venable, J. L. Barwick.*

GRICE, Justice. Grounds 3 and 5 of the motion for new trial, set forth in the preceding statement, will be considered together; and since they deal with a situation that has now for the first time confronted this court, some exposition will be made of the rulings thereon announced in the headnotes. The gist of the contention of counsel concerning these grounds is that under the facts as presented the defendant could not have had a trial by an impartial jury, as guaranteed to him under the constitution. Code, § 2-105. This contention rests upon the mere fact that the prisoner was brought into court by the United States marshal and remained in his custody throughout the trial. Reliance is placed on the fact that under our law the prisoner shall not be brought into court, for arraignment or trial, tied, bound, or fettered, unless the court shall deem it necessary during the arraignment or trial. Code, § 27-1401. It does not appear, however, that the plaintiff in error was brought into court bound and fettered. His counsel cites a long list of authorities holding that the refusal to permit the accused to consult counsel except in the presence of the marshal was a violation of the constitutional provision giving him the benefit of counsel. The answer to this is that the record is silent as to any request on the part of the prisoner or his counsel that a consultation be permitted between the two in the absence of the officer. Eliminating these two contentions by reason of the fact that there is no predicate on which to rest them, we have the naked question whether the mere fact that the accused is in the court in the cus-

tody of the U. S. marshal, who brings him from a Federal penitentiary, is a sufficient reason to grant him a new trial. In Ponzi v. Fessenden, 258 U. S. 254 (42 Sup. Ct. 309, 66 L. ed. 607), a great judge has written this:

"We live in the jurisdiction of two sovereignties, each having its own system of courts to declare and enforce its laws in common territory. It would be impossible for such courts to fulfil their respective functions without embarrassing conflict unless rules were adopted by them to avoid it. The people for whose benefit these two systems are maintained are deeply interested that each system shall be effective and unhindered in its vindication of its laws. The situation requires, therefore, not only definite rules fixing the powers of the courts in cases of jurisdiction over the same persons and things in actual litigation, but also a spirit of reciprocal comity and mutual assistance to promote due and orderly procedure. One accused of crime has a right to a full and fair trial according to the law of the government whose sovereignty he is alleged to have offended, but he has no more than that. He should not be permitted to use the machinery of one sovereignty to obstruct his trial in the courts of the other, unless the necessary operation of such machinery prevents his having a fair trial. He may not complain if one sovereignty waives its strict right to exclusive custody of him for vindication of its laws in order that the other may also subject him to conviction of crime against it. In re Andrews, 236 Fed. 300; United States v. Marrin, 227 Fed. 314. Such a waiver is a matter that addresses itself solely to the discretion of the sovereignty making it and of its representatives with power to grant it."

In that decision the Supreme Court of the United States quoted approvingly the statement made by the Supreme Court of Maryland in Rigor v. State, 101 Md. 465, 471 (61 Atl. 631): "The penitentiary is not a place of sanctuary; and an incarcerated convict ought not to enjoy an immunity from trial merely because he is undergoing punishment on some other earlier judgment of guilt." In the Ponzi case the U. S. Supreme Court said: "The prisoner when produced in the superior court [of a state] in compliance with its writ is personally present. He has full opportunity to make his defense exactly as if he were brought before the court by its own officer. State v. Wilson, 38 Conn. 126, 136." It

was also said in the Ponzi case: "Delay in the trial of accused persons greatly aids the guilty to escape because witnesses disappear, their memory becomes less accurate and time lessens the vigor of officials charged with the duty of prosecution. If a plea of guilty and imprisonment for one offense is to postpone trial on many others, it furnishes the criminal an opportunity to avoid the full expiation of his crimes. These considerations have led most courts to take the same view as that expressed in the case just cited."

It appears from the record that the prisoner was in court under a writ of habeas corpus. While unusual, this affords no reason why the trial should not have proceeded, as, so far as this record shows, it did proceed in an orderly and legal manner. There is no merit in either of the second or third special grounds of the motion.

The fourth ground remains to be considered. The basis of this is that while the jury was considering the case, and at eleven o'clock p. m. had reported their inability to agree, and the court had made provision for their comfort for the rest of the night, the marshal, without the consent of the accused or his counsel, removed the prisoner from the County of Forsyth to the Federal penitentiary in Atlanta. He was returned, however, before the jury returned a verdict, and was present when that occurred. It has been said that the rule that one on trial for a criminal offense is entitled to be personally present at every stage of the proceedings is too well settled to require argument or authority, and that the rule is so well recognized by the standard textwriters and by judicial decisions in an almost unbroken line of cases that its existence can not now be seriously called into question. *Tiller* v. *State,* 96 *Ga.* 430 (23 S. E. 825). See *Hopson* v. *State,* 116 *Ga.* 90 (42 S. E. 412). This right, however, does not mean that he must be in court while the jury is deliberating. This is not a "stage of the proceedings" as that phrase is used in the authorities referred to above. See *Holbrooks* v. *State,* 48 *Ga. App.* 850 (174 S. E. 168). We know of no law, nor have we been cited to any, that declares that it is essential to the legality of a trial that the prisoner be kept in the county while the jury is deliberating on his case. Suppose, as suggested by counsel for the State, that the jail of the county where the accused is being tried should be destroyed, or that this county has no jail. No injury is shown to have resulted from his removal

from the county while the jury were deliberating; and the record is silent that any request was ever made that he be allowed to remain in the county. The record shows, as previously indicated, that the accused—at the time a prisoner in the Federal penitentiary—was produced in court by virtue of a writ of habeas corpus, and remained during the trial in the custody of the United States marshal, who was thus acting in accordance with the order he had received from his superiors. It was never contemplated that, when a prisoner of the United States is produced in a State court to stand trial on a charge of violating the law of that jurisdiction, the Federal jurisdiction should absolutely surrender its custody. All that the United States did was to waive its strict right to exclusive custody in so far as it was necessary to afford the State an opportunity to vindicate its own laws. It was not necessary, in order to accomplish this result, that the prisoner remain in Forsyth County while the jury was deliberating on his case. He was present when the verdict was rendered.

There is no merit in the fourth special ground of the motion. No error of law was committed. The evidence sustained the verdict. *Judgment affirmed. All the Justices concur.*