## 41046. SEAY v. THE STATE.

PANNELL, Judge. ■ The evidence was sufficient to authorize the verdict of guilty of assault with intent to murder as charged in the indictment.

■ The court, in part, charged the jury as follows:

"The offense charged being a felony, to sustain a conviction it is absolutely necessary for the State to prove that the offense occurred in this county at some time during the four years next preceding the indictment of the defendant at this, the September term, 1964, of this court.

"If you believe from all the evidence in the case and from the statement of the defendant that he is guilty of the offense of assault with intent to murder beyond a reasonable doubt, then it would be your duty to convict him.

"The offense of assault to murder being a felony the sentence or punishment in the event of a verdict of guilty is also a matter for the jury to decide. The prescribed punishment for a person found guilty of assault to murder is two years to ten years in the penitentiary. This means that in the event of a conviction a sentence may be given which is not less than 2 years minimum or more than ten years maximum. You must decide, under all the facts and circumstances, if you find the defendant guilty of this offense, what is an appropriate sentence in this case both as to a minimum and a maximum. For example, a sentence could be fixed of two to two years, two to five years, four to six years, six to eight years, eight to ten years. These are all just examples, but if you find the defendant guilty of the felony of assault to murder, you must fix some sentence making sure you do not go outside the limits prescribed by law of two years minimum or ten years maximum.

"If that is your verdict in the case the form of that verdict would be, 'We, the jury, find the defendant guilty and fix his sentence as so many years to so many years.' Upon the return of such a verdict it is mandatory that the court sentence the defendant in accordance with such verdict and it will be done.

"*In certain felonies, and this is one, on recommendation of the jury trying the case, when such recommendation is approved by the judge presiding on the trial, the offense of assault to murder may be punished as a misdemeanor. If you do decide to so recommend, you may do so for any reason you see fit or without a reason, if you see fit.* However, should you find the defendant guilty of this felony and recommend that he be punished as for a misdemeanor, such recommendation would not be binding unless approved by the court. In the event of such recommendation, you still must fix the sentence as prescribed by law as previously explained to you, and the form of your verdict in that event would be: 'We, the jury, find the defendant guilty and fix his sentence at so many years to so many years and we recommend misdemeanor punishment.'

"If you do not believe the defendant guilty of the offense of assault to murder or there is reasonable doubt in your mind of such guilt, you should acquit the defendant of such charge and then consider whether he is guilty of any lesser offense than assault to murder charged in the indictment."

Immediately thereafter the court charged fully as to the law relating to the lesser offense of assault and battery, and charged fully as to the forms of verdicts including the verdict of "not guilty." At the conclusion of the charge, the trial judge also charged the jury as follows: "Now, I want to emphasize to you that any ruling made by the court in your presence, or anything the court did or said during the trial of this case was not intended to, and did not intimate, hint or suggest to you what your verdict should be. Whatever your verdict is is a matter entirely for you twelve jurors to determine, and whatever it is, it must be agreed on by all twelve of you. In other words, it must be unanimous. The court's sole interest and responsibility in the matter is that the case be fairly presented according to the law governing the trial of such cases and that you, as honest, conscientious, impartial and fair jurors, which I know you are, consider the case as the court has instructed you and return a verdict that speaks the truth, as you find the truth of the case to be."

The underscored portion of the charge was assigned as error on the grounds it was an expression of opinion by the trial judge that the State had by evidence proven a felony, in contravention of *Code* § 81-1104, the defendant citing as authority for such assignment the ruling by this court in *Hendricks v. State,* 108 Ga. App. 259 (132 SE2d 845), in which the court ruled: "Special ground 2 complains because the court charged the jury 'that this case that you are, you have heard and that you are deliberating now is a misdemeanor.' The record discloses that the jury had had considerable difficulty in reaching a verdict and had returned on at least one occasion and requested that the court recharge them in certain particulars. This portion of the charge was included in instructions given by the trial judge apparently of his own volition before the jury returned for their deliberations on the second day, and followed an instruction defining a misdemeanor, and the punishment therefor. Under all the circumstances of this case the language here complained of was calculated to impress upon the jury that the court was of the opinion that the

State had proved that the defendant had committed a misdemeanor, and was error in violation of *Code* § 81-1104."

The charge complained of, and the remainder of the charge, in *Hendricks v. State*, are considerably different from that in the case now before the court. We do not think that any reasonable minded juror would consider the charge excepted to as an expression of opinion that the State had proved the offense of assault with intent to murder, when considered within the context in which it was given in relation to the charge as a whole.

■ The defendant has the right in all criminal cases to be present during the entire trial, including the publishing of the verdict of the jury, not only in person but also by his counsel. *Wade v. State*, 12 Ga. 25; *Martin v. State*, 51 Ga. 567; *Bonner v. State*, 67 Ga. 510; *Wilson v. State*, 87 Ga. 583 (13 SE 566); *Bagwell v. State*, 129 Ga. 170 (58 SE 650); *Chance v. State*, 156 Ga. 428 (119 SE 303); *Wilson v. State*, 212 Ga. 73 (90 SE2d 557); *Lyons v. State*, 7 Ga. App. 50 (66 SE 149). While the deliberations of the jury are not such a stage of the trial or proceeding at which the accused is entitled to be present, *Fowler v. State*, 196 Ga. 748, 754 (27 SE2d 557), *Fowler v. Grimes*, 198 Ga. 84 (3) (31 SE2d 174), a colloquy between the jury and the trial judge is such a part of the proceedings, and such a colloquy, even though nothing erroneous occurred therein, is itself reversible error when held in the absence of the accused whose absence was not voluntary and who had not waived his presence, either expressly or by implication. *Mills v. State*, 23 Ga. App. 14, 16 (97 SE 408). The presence of the counsel for accused who immediately after the colloquy, made a motion for mistrial, did not amount to an implied waiver of the action of the trial judge. The refusal of the trial judge to grant the motion for mistrial, the proper manner for objecting to the occurrence, was error, and the motion for new trial assigning error thereon should have been granted.

*Judgment reversed. Nichols, P. J., and Eberhardt, J., concur.*

DECIDED JANUARY 20, 1965.

*Stow & Andrews, Robert E. Andrews,* for plaintiff in error.
*Jeff C. Wayne, Solicitor General, Frank Strickland, Jr.,* contra.