64905. STEWART v. THE STATE.

POPE, Judge.

Shirley Stewart brings this appeal from her conviction of voluntary manslaughter. *Held:*

1. Appellant's first enumeration challenges the trial court's determination that a taped statement she had given to the police was voluntary and in compliance with Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694) (1966). During the hearing held to determine the statement's voluntariness, appellant testified that her rights under Miranda were read to her, that she understood those rights, and that she signed a waiver thereof. She also testified that she was in no manner threatened by the police. The record also discloses that appellant had just been released from the hospital prior to having given her statement, that she was in a weakened condition, and that she had been given a medication for pain just prior to her release. However, the police officer who took appellant's statement testified that she was "up to par" as far as he could determine.

The state was required to show that appellant's statement was voluntary by a preponderance of the evidence considering the totality of the circumstances. *Pierce v. State,* 235 Ga. 237 (3) (219 SE2d 158) (1975), and cits. We must accept factual determinations by the trial court as to voluntariness unless those findings are clearly erroneous. *Rosser v. State,* 157 Ga. App. 161 (1) (276 SE2d 672) (1981). Under the facts and circumstances in this case, the state clearly met its burden of proof, and the trial court's determination that appellant's statement was voluntary is not clearly erroneous. See *Pittman v. State,* 245 Ga. 453 (1) (265 SE2d 592) (1980); *Fields v. State,* 232 Ga. 723 (4) (208 SE2d 822) (1974); *Hood v. State,* 157 Ga. App. 282 (3) (277 SE2d 261) (1981).

2. Appellant's second enumeration asserts as error the trial court's "allowing communications with the trial jury after it began its deliberations without the knowledge, consent or presence of

appellant or her counsel." The basis of this enumeration is a certain instruction allegedly given by the trial judge to the jury via the bailiff after the jury had begun its deliberations. This issue was raised for the first time by appellant on her motion for new trial, counsel for appellant explaining at the hearing that he had not been able to determine the nature of the allegedly improper communication until after the completion of the trial. The trial court denied the motion for new trial.

The state argues that the issue enumerated here is not supported by the trial record and, thus, presents nothing for decision on appeal. However, in support of this enumeration appellant presented the testimony of two witnesses at the hearing on her motion for new trial. See generally *Register v. State,* 12 Ga. App. 1, 6 (76 SE 649) (1912), which sets forth the common law rule that a new trial may be granted on the basis of matters dehors the record. See also Code Ann. § 70-208 (now OCGA § 5-5-25). A transcript of this hearing has been made a part of the record in this case on appeal. See Code Ann. § 6-702 (a) (now OCGA § 5-6-36 (a)). Thus, the issue raised by this enumeration of error is properly before this court for consideration on the merits.

The record of the hearing on motion for new trial discloses that the trial judge had made several inquiries of the jury during its deliberations as to whether the jurors wanted to go to supper or how they stood. The two witnesses called by appellant, the bailiffs at trial, could not remember what, if anything, they had communicated to the jury during its deliberations. However, appellant's attorney stated in his place that one of the bailiffs told him after the trial that the jury foreman had requested the bailiff to seek direction from the judge because they were deadlocked and were not making any progress. This message was delivered to the judge, who directed the bailiff to return and tell the jury to deliberate further, to "keep on trying." It is this instruction which appellant contends violated her constitutional right to be present during her entire trial.

Appellant relies on two cases in support of this enumeration: Rogers v. United States, 422 U. S. 35 (95 SC 2091, 45 LE2d 1) (1975), and Tillman v. United States, 406 F2d 930 (5th Cir. 1969). However, we need not resort to federal cases for assistance in resolving this issue. "The rule is well established in this State, that the defendant on trial must be present when the court takes any action materially affecting his case." *Andrews v. State,* 196 Ga. 84, 94 (26 SE2d 263) (1943); see *Wanzer v. State,* 232 Ga. 523, 526 (207 SE2d 466) (1974). "This right is guaranteed to the accused by the fundamental law of this State, in order that he and his counsel may see to it that he has a fair and impartial trial and that nothing is done that would in any

wise tend to his prejudice. Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused (for instance, to hasten a verdict against him, or to induce jurors who might be for him to yield their convictions); and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial." *Miller v. State,* 13 Ga. App. 440, 442-3 (79 SE 232) (1913); see *Wilson v. State,* 212 Ga. 73 (90 SE2d 557) (1955); see also *Pierce v. State,* 47 Ga. App. 830 (171 SE 731) (1933). "In considering the right of the accused to be present at every stage of the trial, and to have his counsel present, we must not lose sight of the further principle, equally well established, that a new trial will not be granted on account of an error which manifestly caused no injury to the accused. It would be trifling with justice to set aside a verdict clearly and strongly supported by the evidence, solely on the ground that such an error had been committed by the trial judge. To warrant such action by a reviewing court, it must be manifest that the error was prejudicial in character." *Miller v. State,* supra at 444.

Applying the foregoing precepts to the case at hand, we conclude that the communication complained of was not so material to appellant's case as to require her presence and that of her counsel. The communication here clearly did not constitute a charge or recharge. See *Leverette v. State,* 104 Ga. App. 743 (1) (122 SE2d 745) (1961); *Miller v. State,* supra. "The purpose of a charge is to inform the jury as to the law to be applied to the facts in the case." *Thacker v. State,* 226 Ga. 170, 181 (173 SE2d 186) (1970), vacated on other grounds at 229 Ga. 731 (194 SE2d 410) (1972). Compare the "communications" in *Rider v. State,* 195 Ga. 656 (6) (25 SE2d 304) (1943), and *Mills v. State,* 23 Ga. App. 14 (97 SE 408)(1918), to the communication in the case at bar. Nor was the communication a colloquy, a "[m]utual discourse; . . . a somewhat formal conference." Webster's New International Dictionary 527 (2d ed. 1955). Compare *Carter v. State,* 190 Ga. 534 (2) (9 SE2d 747) (1940); *Seay v. State,* 111 Ga. App. 22 (3) (140 SE2d 283) (1965). Moreover, we do not find the subject communication to be in any manner prejudicial to appellant. Compare *King v. State,* 92 Ga. App. 616 (89 SE2d 585) (1955).

Therefore, the trial court did not err in denying appellant's motion for new trial on this ground.

3. Appellant's final enumeration cites as error the trial court's refusal to charge the jury "upon a written request from the jury for further instructions and by refusing to make the note a part of the record." The record discloses that the jury requested and received a recharge on voluntary manslaughter and on justification. Upon the jury's return to the jury room, the trial court asked for any exceptions to the recharge. Counsel for appellant stated that he had none but that he did have "some disfavor with the failure to mention the involuntary manslaughter thing." In responding to this "exception" the trial court explained that the note he had received regarding this matter was indecipherable to him as to whether "voluntary" or "involuntary" had been meant. However, the court continued, the jury had been given ample opportunity to ask whatever questions it may have had. The record discloses that the trial court twice asked the jurors whether any of them had any further questions and also asked if they understood the recharge. Although counsel for appellant argued that only two of three questions the jury had asked had been answered, the trial court explained that the handwriting on the note could be interpreted to read "for voluntary" or possibly "involuntary," that the court had no knowledge regarding the note's author, that all members of the jury had been asked if they had any additional questions, and that no one had so indicated.

Appellant does not contend, and she has cited no evidence of record to show, that a charge on involuntary manslaughter would have been warranted in this case. See *Hixson v. State,* 239 Ga. 134 (1) (236 SE2d 78) (1977); see also Court of Appeals Rule 15 (c)(3)(ii) (Code Ann. § 24-3615 (c)(3)(ii)). Further, appellant did not object to the trial court's refusal to make the subject note a part of the record. With nothing in the record affirmatively to the contrary, we will presume that the trial court properly interpreted the note. See Code Ann. § 38-114 (now OCGA § 24-4-24 (b)(2)); *Johnson v. State,* 27 Ga. App. 679 (3b) (109 SE 526) (1921). Since no error is manifest in the actions of the trial court here complained of, this enumeration has no merit.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

Decided February 2, 1983 —
Rehearing denied February 15, 1983 — 

*Kenneth C. Fuller,* for appellant.
*F. Larry Salmon, District Attorney, Robert D. Engelhart,*

*Assistant District Attorney,* for appellee.