## 67680. ANDERSON v. THE STATE.

DEEN, Presiding Judge.

A Fulton County jury found appellant Anderson guilty of rape, kidnapping, and armed robbery. He received sentences of life imprisonment, ten years, and twenty years, respectively. He was granted an out-of-time appeal and enumerates as error the court's refusal to excuse a certain prospective juror for cause and the allegedly improper restriction of questioning on voir dire. *Held:*

1. The prospective juror whom defense counsel sought to have stricken for cause was a Mr. DeShazor, a building code compliance officer with the City of Atlanta who, in connection with his regular duties, from time to time prepared code violation cases for trial by the solicitor's office. The prosecuting attorney in the instant case had formerly worked for the solicitor and had occasionally tried a case which DeShazor had referred or prepared. DeShazor's name was not reached during the actual jury selection process; he was therefore not

involved at all in the trial itself.

The purpose of challenges for cause, as set forth in OCGA § 15-12-133 (Code Ann. § 59-705), is to reveal "any interest of the juror in the case, including . . . the relationship or acquaintance of the juror with the parties or counsel therefor, any fact or circumstance indicating any inclination, leaning, or bias which the juror might have respecting the subject matter of the action or the counsel or parties thereto . . . " In the leading case on this issue, *Hutcheson v. State,* 246 Ga. 13 (268 SE2d 643) (1980), the trial court refused to excuse for cause two prospective jurors who appeared in court wearing the uniform of full-time city police officers. As a consequence of the court's ruling, the defense was forced to use its last two peremptory challenges in order to exclude them. This court reversed the conviction and held that in a criminal case law enforcement officers must be excused if they are challenged for cause. "If the defendant in a felony trial has to exhaust his peremptory strikes to excuse a juror who should have been excused for cause, the error is harmful." *Grant v. State,* 160 Ga. App. 837, 841 (287 SE2d 681) (1982); see also *Jordan v. State,* 247 Ga. 328 (276 SE2d 224) (1981).

The instant case is readily distinguishable from *Hutcheson.* The challenged juror, DeShazor, was wearing ordinary civilian clothes. The work he actually did in his job was not so closely related either to felony prosecutions in general or to the work of this particular prosecutor as to necessitate an imputation of bias. Additionally, the record shows that the defense did not have to use a peremptory challenge on DeShazor because the jury selection was completed before his name was reached on the list; and, moreover, that at the end of the jury selection process the defense had used only eighteen of his twenty peremptory challenges and had one remaining even after the selection of the alternate juror.

We find no merit in this enumeration.

2. As to appellant's second enumeration, it is well settled that the court has wide discretion in the conduct of voir dire. "[T]he 'control of the voir dire examination is vested in the sound legal discretion of the trial judge and will not be interfered with by this court unless the record clearly shows an abuse of that discretion.' " *Waters v. State,* 248 Ga. 355, 363 (283 SE2d 238) (1981); *Messer v. State,* 247 Ga. 316 (276 SE2d 15) (1981).

It is also well settled that on voir dire counsel cannot properly propound technical legal questions to prospective jurors, and it is within the court's discretion to disallow such questions. *Williams v. State,* 249 Ga. 6 (287 SE2d 31) (1982); *Strickland v. State,* 247 Ga. 219 (275 SE2d 29) (1981); *Johnson v. State,* 244 Ga. 295 (260 SE2d 23) (1979). In the instant case defense counsel asked a prospective juror,

"Do you feel that the burden of proof in a criminal case is properly placed upon the state?" The prosecution objected, and the court instructed the jurors as follows: "Ladies and Gentlemen, it doesn't make any difference whether you think it's proper or not. The law is that the burden of proof is on the state to prove a defendant's guilt beyond a reasonable doubt ... That's the law you're bound by ... It's not important what I think the law should be or what you think the law should be. We're bound to apply the law." "Counsel for the accused should not ask technical legal questions of a prospective juror, or his opinion concerning them . . . The trial court's disallowance of [such] questions . . . is not ground for reversal." *Conley v. State,* 157 Ga. App. 166, 167 (276 SE2d 677) (1981); *Todd v. State,* 243 Ga. 539 (255 SE2d 5) (1979). This enumeration is also without merit.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED FEBRUARY 2, 1984.

*Michael H. Lane, Kenneth D. Feldman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Benjamin H. Oehlert III, Paul L. Howard, Jr., Assistant District Attorneys,* for appellee.