## 67717. SHEPPERD v. THE STATE.

QUILLIAN, Presiding Judge.

Indicted for murder, defendant appeals his conviction of the lesser offense of involuntary manslaughter. *Held*:

1. We reverse. The trial court erred in failing to give defendant's requested charge that where evidence of self-defense is presented the state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. Self-defense was raised by defendant's testimony and his pretrial statement.

"Appellant has enumerated as error the refusal of the trial court to instruct the jury that the state had the burden of proving that the accused did not act in self-defense once that issue had been raised. Appellant raised the issue of self-defense ·. . ., filed two written requests to charge on the state's burden of proof with respect to that defense . . . [and] excepted to the trial court's failure to give the requested charge.

" 'Where a defendant raises an affirmative defense and testifies to the same, the burden is on the State to disprove the defense beyond a reasonable doubt. [Cit.]' *State v. Royal*, 247 Ga. 309 (275 SE2d 646). Since appellant's requested charge was a correct statement of the law and was adjusted to the evidence, we are constrained to hold that the trial court's failure to give the charge was harmful error demanding reversal of the conviction." *Jones v. State*, 160 Ga. App. 209 (2) (286 SE2d 764).

"Appellant . . . contends the trial court erred in refusing to give appellant's requested charge that the burden of persuasion is on the state to prove beyond a reasonable doubt that the accused did not act in self defense. . . [W]here a defense is made which, to be successful, requires certain affirmative elements to be found present by the jury, particularly the detailed self defense requirements [cit.], the better practice is to specifically advise the jury that the burden of proof with regard to the offense is on the state and is not on the defendant to prove the defense. See *Brooks v. State*, 143 Ga. App. 523, 524 (239 SE2d 207). Since we reverse . . . on other grounds, we do not reach the question whether failure to so charge was reversible error in this case, but, we see no reason why the trial court should have refused to give the requested charge, and no reason why it should not be given at the retrial." *Jolly v. State*, 164 Ga. App. 240 (2), 242 (296 SE2d 784).

2. The remaining enumerations are either not meritorious or are not likely to recur in a retrial.

*Judgment reversed. Birdsong and Carley, JJ., concur.*

DECIDED FEBRUARY 23, 1984 —
REHEARING DENIED MARCH 14, 1984 — ■■■■■■■■■

*Victoria D. Little*, for appellant.

*Robert E. Wilson, District Attorney, Ann Poe Mitchell, John H. Petrey, Barbara B. Conroy, Assistant District Attorneys*, for appellee.