### 41557. BOYD v. THE STATE.
(322 SE2d 256)

SMITH, Justice.

Appellant, Tony Boyd, was tried before a DeKalb County jury for the murder of Leon Hart. He was convicted and sentenced to life imprisonment. On appeal, he raises seven enumerations of error. We affirm.[1]

The victim and a friend were drinking beer at the Libra Lounge on Memorial Drive when a woman stepped on the victim's foot and caused him to spill his beer. He demanded an apology, and she delivered a less than apologetic response. Appellant, the woman's date, and the victim then began to fight.

The bouncer at the bar broke up the fight and asked appellant and the woman to leave. They did. The victim and his friend followed shortly afterwards.

The victim saw appellant and the woman in the parking lot. He took a tire tool out of his friend's car and began to walk towards ap-

---

[1] The crime was committed on November 22, 1983. The DeKalb County Jury returned its verdict of guilty on March 30, 1984. A motion for new trial was filed, heard and denied on July 2, 1984. Notice of appeal was also filed on July 2, 1984. The record was docketed in this court on September 7, 1984 and submitted on October 19, 1984.

pellant and the woman. The woman pulled a pistol out of her pocket, and the victim turned abruptly back to his friend's car.

The victim's friend started the car, put it in reverse, and picked up the victim. Appellant grabbed the pistol from the woman and ran towards the car. As he reached the car, he began firing the pistol at the victim. The friend jumped out of the car, which was still rolling backwards, and ran into the bar to find the bouncer. Appellant and the woman left the parking lot in their car. The victim, who had been hit by a number of bullets, was dead.

1. We find that the evidence presented at trial could have authorized a rational trier of fact to find appellant guilty beyond a reasonable doubt of the murder of Leon Hart. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). We thus find appellant's first contention, that the trial court erred in not directing a verdict of acquittal, to be without merit.

2. Appellant's second enumeration deals with the court's refusal of a number of appellant's requested charges.

Four of the requested charges concerned the presumption of innocence in a criminal case. The court charged the jury that the defendant "enters upon the trial of this case with the presumption of innocence in his favor," that this presumption lasts throughout the trial, and that the state has the burden of overcoming this presumption beyond a reasonable doubt through the use of evidence alone. In this area, the requested charges "were fairly given to the jury in the general charge of the court." *Shirley v. State*, 245 Ga. 616 (266 SE2d 218) (1980).

The other requested charges involved in this enumeration dealt with the defense of justification. The court's charge to the jury on the issue of justification followed the language of the statute that defines the parameters of that defense, OCGA § 16-3-21. The charge also fit the facts of this case more precisely than most of appellant's requested charges. We find this enumeration to be without merit.

3. Appellant, in his third enumeration of error, asserts that the trial court should have charged the jury on the law of involuntary manslaughter under OCGA § 16-5-3 (b). He claims that his act could be construed as self-defense with the use of excessive force. The charge requested here is not available to a defendant who uses a gun in self-defense and kills a person as a result. *Appleby v. State*, 247 Ga. 587 (278 SE2d 366) (1981). We find no error here.

4. Appellant's fourth enumeration deals with the trial court's troubling charge on the law of malice and intent. The court charged that the state must prove the intent to do the prohibited act beyond a reasonable doubt. The court then instructed the jury that "the law infers every intentional homicide to be malicious unless the contrary is established."

These instructions, when seen in isolation, could be said to require the defendant to produce "some quantum of proof" to disprove the accusation of malice. See *Johnson v. State*, 249 Ga. 621, 624 (292 SE2d 696) (1982). The charge, however, clearly did not create an irrebuttable presumption. In light of the instructions as a whole, the jury was adequately instructed as to the state's burden of proof. For these reasons, the charge did not violate the standards set out in Sandstrom v. Montana, 442 U. S. 510 (99 SC 2450, 61 LE2d 39) (1979). The instructions, as a whole, were sound. In addition, under the facts of this case any error involving the particular charge in this enumeration would be harmless error.

5. Appellant, in his fifth enumeration, claims that the trial court's recharge to the jury on malice and voluntary manslaughter shifted the burden of proof from the state to appellant. We disagree. The court simply repeated instructions on malice that it had given earlier, and followed those instructions with a charge on voluntary manslaughter. The charge and recharge on malice followed OCGA § 16-5-1. The charge on voluntary manslaughter was appropriate following the charge on malice. We find no error.

6. Appellant's sixth enumeration cites as error yet another charge by the court.

The court charged the jury: "Ladies and gentlemen, if you believe the contentions of the defendant, it would be your duty to acquit. On the other hand, under the instructions I have given you, if you believe from the evidence in this case and believe beyond a reasonable doubt that the defendant, Tony Boyd . . . did unlawfully and with malice aforethought, kill, murder, and cause the death of Leon Hart, by shooting him . . . with a handgun . . . you would be authorized to find him guilty . . . If you do not find him guilty of murder beyond a reasonable doubt, you would next turn to the question of [voluntary] manslaughter."

This charge, in effect, informed the jury that it could only convict the defendant of murder if it found beyond a reasonable doubt, from the evidence presented, that the defendant committed all of the elements of murder. The court informed the jury that as an alternative, not *the* alternative, it could believe the defendant and vote to acquit. Finally, the court instructed the jury that if the evidence did not support, beyond a reasonable doubt, a murder conviction and the defendant's story was not entirely convincing, it could then consider the law of voluntary manslaughter.

The court accurately instructed the jury how it should apply the law to the facts that it found. While certain phrases in the charge, when taken out of context, could appear to be ambiguous, we find no error.

7. Appellant, in his seventh enumeration of error, charges that

the trial court erred in not specifically instructing the jury that the burden was on the state to disprove the claim of self-defense beyond a reasonable doubt.

While under *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984), it would be error to *refuse* a request for such a charge in a case such as this, appellant made no such request. In such a situation, we will look to the instructions as a whole to see if they adequately set out the law. Here, the court charged the jury on the state's burden immediately after charging the jury on self-defense. As there was no request for the instruction appellant now desires, and the charge as a whole is sound, we find no error.

8. Appellant finally contends that the trial court erred when it did not, of its own accord, charge the jury that appellant was under no duty to retreat from the victim when the victim came towards him with a tire tool. Appellant did not request such a charge, therefore, we find no error. *Bouttry v. State*, 242 Ga. 60 (247 SE2d 859) (1978).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1984.

*M. Randall Peek*, for appellant.

*Robert E. Wilson, District Attorney, Barbara B. Conroy, Assistant District Attorney, Michael J. Bowers, Attorney General, Dennis R. Dunn*, for appellee.