## 69895. HOLLIS v. THE STATE.
### (330 SE2d 817)

SOGNIER, Judge.

Appellant was convicted of burglary. In his sole enumeration of error appellant contends the trial court erred by allowing the prosecuting attorney to question appellant, over objection, on matters relating to appellant's post-arrest silence. Appellant contends such cross-examination violated due process by allowing the State to improperly impeach appellant by showing he exercised his constitutional right to remain silent.

Appellant testified that he was walking home about 3:00 a.m. when a police lieutenant stopped appellant, ordered him into the police car and then drove to the scene of the burglary. The lieutenant ordered appellant to go into the store and get his partner. When appellant said he had no partner the lieutenant hit appellant in the head with a nightstick and struck him a second time on the elbow. This in-court statement was the first time appellant had told anyone about the beating, and his testimony was contrary to the testimony of the lieutenant, who stated he responded to a silent alarm and found appellant inside the burglarized store. The lieutenant also testified that he remained outside the locked store and made appellant lay on the floor until other police officers and the owner arrived. On cross-examination the prosecuting attorney asked appellant if he reported the beating to police officers who arrived a few minutes later, and if he reported it on arrival at the police station. The prosecuting attorney also asked appellant if he requested medical treatment at the police station. Appellant objected to these questions on the ground that they constituted an improper comment on appellant's right to remain silent, relying upon *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91) (1976). In the instant case, however, there is no evidence that appellant had been advised of his *Miranda* rights as was the case in *Doyle*, supra. Thus, we do not agree with appellant's contention.

In *Fletcher v. Weir*, 455 U. S. 603, 607 (2) (102 SC 1309, 71 LE2d 490) (1982), the United States Supreme Court narrowed the application of *Doyle* and held: "In the absence of the sort of affirmative assurances embodied in the *Miranda* warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand. A State is entitled, in such situations, to leave to the judge and jury under its own rules of evidence the resolution of the extent to which postarrest silence may be deemed to impeach a criminal defendant's own testimony." Since appellant had not been advised of his *Miranda* rights, the rule set forth in *Weir* is controlling. Accordingly, there was no error.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

628

DECIDED APRIL 23, 1985.

*J. Russell Mayer*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, R. Michael Whaley, Benjamin H. Oehlert III, Assistant District Attorneys*, for appellee.