## 73173. MALONE v. THE STATE.
(353 SE2d 60)

McMURRAY, Presiding Judge.

Defendant appeals his conviction of the offense of criminal attempt (to commit burglary). *Held*:

1. Defendant's first enumeration of error raises the issue of the sufficiency of the evidence. The State's evidence shows that: The victim's home had been repeatedly burglarized. The victim's brother met the defendant at a club, where defendant offered to sell or obtain for sale, a number of household items. From defendant's descriptions of his previous burglary of a residence, of the premises involved and of the personal habits of the victim, the victim's brother concluded that defendant was the person who had been burglarizing his sister's home. As defendant had indicated that he intended to burglarize the residence once more, the victim's brother warned his sister and suggested that she contact the police. The police placed an officer inside the victim's home. That officer observed defendant attempt to gain entry by prying at the rear door with some type of instrument for approximately five minutes. The officer summoned assistance. A backup unit approached with its siren on, apparently frightening defendant away. Approximately 45 minutes later defendant returned and again attempted to enter the rear door of the residence by prying at the lock. After this continued for approximately five to ten minutes the officer inside the house saw defendant move towards the rear window of the home and then heard it break. The officer summoned as-

sistance again and defendant once more fled the scene, but was apprehended nearby.

The evidence presented was sufficient to enable any rational trier of fact to find the defendant guilty of the offense charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Blackwell v. State*, 180 Ga. App. 253, 255 (349 SE2d 13).

2. Following a *Jackson v. Denno*, (378 U. S. 368 (84 SC 1774, 12 LE2d 908)) hearing, the testimony of a police officer was admitted concerning defendant's statement to police following his arrest and receipt of the *Miranda v. Arizona*, (384 U. S. 436 (86 SC 1602, 16 LE2d 694)) warnings. (Defendant admitted that he had tried to enter the victim's home.) Subsequently, another police officer was giving direct examination testimony concerning these same statements of defendant to police when a query was made to the officer as to whether defendant had stated that the victim owed him any money. The witness responded in the negative and defendant objected on the grounds that the negative answer to the question amounted to an improper comment on his choice to remain silent after receiving *Miranda* warnings. Defendant's argument is predicated upon *Doyle v. Ohio*, 426 U. S. 610 (96 SC 2240, 49 LE2d 91), where the United States Supreme Court ruled that a defendant's silence after receiving *Miranda* warnings could not be used for impeachment purposes.

The *Doyle* holding seeks to avoid unfair use of any silence induced by the *Miranda* warnings. Thus, where, as in the case sub judice, a defendant voluntarily speaks after receiving *Miranda* warnings, he has not been induced to remain silent and the reasoning of *Doyle* is inapplicable. *Geter v. State*, 174 Ga. App. 694 (2) (331 SE2d 68). See also *Hollis v. State*, 174 Ga. App. 627 (330 SE2d 817). This enumeration of error is without merit.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED JANUARY 21, 1987.
Criminal attempt. Fulton Superior Court. Before Judge Cooper.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Carole E. Wall, Assistant District Attorneys*, for appellee.