### A89A1300. OSBORNE v. THE STATE.
(387 SE2d 383)

BANKE, Presiding Judge.

Osborne appeals his conviction of possession of marijuana with intent to distribute.

Upon receiving information from an informant that the appellant was dealing in marijuana, Captain Wheeler of the Douglas County Sheriff's Department authorized the informant to arrange for an undercover purchase of marijuana from the appellant. The appellant was arrested when he appeared at the designated time and place for the transaction, and approximately three pounds of marijuana were seized from the trunk of his automobile. At trial, the appellant asserted the defense of entrapment. *Held:*

1. The appellant contends that the trial court erred in allowing him to be cross-examined regarding his post-arrest silence. The appellant testified on direct examination that he had been pressured into obtaining the marijuana by repeated requests from a co-worker and the co-worker's wife. On cross-examination, the state's attorney asked him why, upon exiting his car at the time of his arrest, he had not immediately divulged to the officers that he was the victim of a "set-up." He responded that he was "in shock" and "didn't have time for anything."

"The silence of an arrestee prior to his receipt of the *Miranda* warnings may be used by the State for purposes of impeachment." *Lanham v. State,* 184 Ga. App. 554 (2) (362 SE2d 131) (1987). See also *Fletcher v. Weir,* 455 U. S. 603 (102 SC 1309, 71 LE2d 490) (1982); *Bennett v. State,* 254 Ga. 162 (4) (326 SE2d 438) (1985); *Hollis v. State,* 174 Ga. App. 627 (330 SE2d 817) (1985). Since the question posed to the appellant referred to the period of time prior to his receipt of the *Miranda* warnings, the trial court did not err in allowing it.

2. The appellant contends that the trial court erred in denying his pre-trial motion to compel disclosure of the identity of the informant. The appellant testified during the trial that he believed the informant was the co-worker who had asked him to purchase the marijuana. In fact, the informant was the co-worker's wife, who was thereafter called by the state as a rebuttal witness and thereby subjected to cross-examination by the appellant. The appellant has not suggested what he would have done differently had the identity of the informant been revealed to him earlier in the proceedings. It is axio-

matic that harm as well as error must be shown to authorize a reversal. See generally *Hazelrig v. State*, 171 Ga. App. 942 (1) (321 SE2d 437) (1984). Accordingly, this enumeration of error provides no grounds for reversal.

3. The appellant contends that the trial court erred in allowing the state to elicit testimony from the investigating officer and the informant to the effect that he was a known drug dealer. This testimony was received with a limiting instruction that it was to be considered only to explain the officer's conduct and not as substantive proof of the appellant's guilt.

OCGA § 24-3-2 provides that "[w]hen, in a legal investigation, information, conversations, letters and replies, and similar evidence are facts to explain conduct and ascertain motives, they shall be admitted not as hearsay but as original evidence." However, in *Momon v. State*, 249 Ga. 865 (294 SE2d 482) (1982), the Supreme Court held that this rule could properly be applied only in those situations "where the conduct and motives of the actor are . . . matters concerning which the truth must be found (i.e., are irrelevant to the issues on trial). . . ." Id. at 867. While the fact that the investigating officer and the informant in the present case considered the appellant to be a known drug dealer may have provided an explanation for how he had come to be the object of a drug investigation, this information cannot reasonably be considered relevant as a circumstance of his arrest. Indeed, if the criminal reputation of a defendant could be considered admissible in every case in which it constituted a factor giving rise to the commencement of a criminal investigation against him, the rule against the introduction of evidence of a criminal defendant's general bad character (see generally OCGA § 24-9-20 (b)) would be undermined to such an extent as to render it virtually meaningless. See *Little v. State*, 165 Ga. App. 389 (3) (300 SE2d 540) (1983). In the context of the other evidence in this case, however, we do not believe the admission of the testimony in question constituted reversible error. The informant further testified that, shortly before the transaction under consideration but prior to her becoming a police informant, she had made a previous purchase of marijuana from the appellant and that he had initiated the discussions leading to that transaction. "[P]roof of a defendant's 'innocent' state of mind (i.e., non-predisposition) is essential to maintenance of a successful entrapment defense. . . ." *Keaton v. State*, 253 Ga. 70, 73 (316 SE2d 452) (1984). Under the circumstances, we believe it is highly probable that the testimony by the informant and the detective that the appellant was a known drug dealer did not contribute to the verdict. Accord *Teague v. State*, 252 Ga. 534 (314 SE2d 910) (1984); *Little v. State*, supra. Accordingly, we hold that this enumeration of error establishes no ground for reversal.

4. The appellant contends that the trial court erred in admitting testimony concerning his previous arrest on an unrelated charge, which apparently had not resulted in any prosecution. The appellant elected to testify in his own behalf and on direct examination volunteered the following: "I've never been convicted of anything and I've never been in trouble before. . . ." During cross-examination, the state's attorney asked the appellant whether that statement was truthful; and he replied that he felt it was. The prosecutor then asked if he considered it "trouble" to have been arrested for theft by receiving stolen property some two months prior to his arrest on the charge for which he was being tried. As the evidence concerning the prior arrest had the effect of impeaching the appellant's testimony that he had never before been "in trouble," we hold that it was properly admitted. See generally *Jones v. State*, 257 Ga. 753 (363 SE2d 529) (1988).

5. Taken as a whole, the trial court's charge on entrapment constituted a complete and correct statement of law. See *Turner v. State*, 178 Ga. App. 888, 890 (345 SE2d 99) (1986).

6. The appellant's remaining enumerations of error concern the introduction of evidence regarding matters as to which the appellant himself elicited like testimony. "Assuming that the admission of [the] testimony was error, it was harmless because 'other testimony to same effect and of like nature was introduced without objection.' " *Buffington v. State*, 171 Ga. App. 919 (2) (321 SE2d 418) (1984), citing *Sapp v. Callaway*, 208 Ga. 805 (69 SE2d 734) (1952).

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED OCTOBER 6, 1989 —
REHEARING DENIED OCTOBER 24, 1989.

*Mark T. Sallee*, for appellant.
*Frank C. Winn, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.