A90A0930. STEPHENS v. THE STATE.
(395 SE2d 353)

DEEN, Presiding Judge.

Armor Stephens, Jr., was convicted of the sale of cocaine. On appeal, he contends that the trial court erred in denying his motion for a continuance based on adverse publicity, in overruling his motion for a change of venue, and in failing to give two of his requests to charge.

1. One week prior to the trial of Stephens' case, a person accused of a similar offense was acquitted. The State's principal witness in that case was an undercover GBI agent. This same witness was scheduled to appear in Stephens' case. The not-guilty verdict apparently enraged Sheriff Lamar Echols, and he wrote a letter to the editor of the local newspaper, which was published a few days prior to appellant's trial. Echols stated: "This verdict was the biggest miscarriage of justice that I have ever witnessed in the courthouse. The jury came closer to convicting the undercover G.B.I. agent than they did the defendant. This verdict was a slap in the face to law enforcement officials in McIntosh County. Maybe we can get a better jury next time."

The grant of a continuance or motion for change of venue based upon alleged pre-trial publicity rests within the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse. Kesler v. State, 249 Ga. 462 (291 SE2d 497) (1982); Potts v. State, 241 Ga. 67, 75 (243 SE2d 510) (1978); Raines v. State, 186 Ga. App. 239, 240 (366 SE2d 841) (1988).

Prior to ruling on the motions, the trial court indicated that it would need to hear the prospective jurors' response to questions about the sheriff's letter to the editor. The veniremen, Gale, George, and Hutchison, responded affirmatively when asked if anyone had read the sheriff's letter in the newspaper. All three stated that it would not influence them in deciding the case. None of them, how-

ever, was selected as a juror. We find no abuse of the trial court's discretion in denying appellant's motions.

2. The failure of the trial court to charge in the exact language requested is not reversible error where the charge given substantially covered the same legal principles. *Caldwell v. State*, 167 Ga. App. 692, 695 (307 SE2d 511) (1965); *Keely v. State*, 241 Ga. 190, 191 (243 SE2d 857) (1978). The trial court charged on the credibility of the witnesses and the weight to be given their testimony, on the impeachment of witnesses, and the purposes for which a prior contradictory statement could be considered. As the jury charge as given covered substantially the same issues as the requested charges, we find no error.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED JUNE 19, 1990.

*Neil L. Heimanson*, for appellant.

*Dupont K. Cheney, District Attorney, J. Thomas Durden, Assistant District Attorney*, for appellee.