## A91A0731. HOLLIS v. THE STATE.
### (411 SE2d 48)

ANDREWS, Judge.

Defendant, Gary Hollis, was indicted for the offenses of murder and possession of a firearm by a convicted felon. After being charged at the defendant's request on voluntary manslaughter, the jury returned a verdict of guilty as to voluntary manslaughter and not guilty on the firearm charge.

The defendant admitted killing the boyfriend of his estranged wife by firing three shotgun blasts through the windshield of the parked car occupied by the victim. He testified that he thought the victim had a gun, though he saw no weapon, and that he acted in self-defense because the victim was waving and yelling at him and had previously threatened him with a gun at an earlier date. No weapon was found on or near the victim. Other testimony showed that a week after the defendant borrowed the shotgun from a neighbor to "kill a cat," the defendant drove his vehicle rapidly up to the victim's car, got out with the shotgun and immediately fired three shots into the car, and then sped away. After the shooting, the defendant returned the shotgun and told his neighbor he shot the cat three times.

1. In his first enumeration of error, defendant claims the trial court erred by recharging the jury when he was not present in the courtroom. Defendant has not pointed out any portion of the record which establishes that he was absent from the courtroom when the recharge was given and we have reviewed the record and find no basis for this asserted error. The record reflects that a recess was taken after the recharge, and that upon return from the recess, the prosecuting attorney inquired about the defendant's absence. In response, the defense attorney waived the defendant's presence for the purpose of making an exception to the portion of the recharge dealing with possession of a firearm by a convicted felon.[1]

---

[1] The special concurrence correctly concludes that the exception to charge involving communication between counsel and the court on an issue of law, but not involving further proceedings or communication with the jury, which was deliberating at the time, is not a

The defendant has the burden on appeal to affirmatively show asserted error by the record. *State v. O'Quinn*, 192 Ga. App. 359, 360 (384 SE2d 888) (1989). Having failed to demonstrate support in the record for this enumeration, we find no error. *Lowery v. Horn*, 147 Ga. App. 880 (251 SE2d 840) (1978).

2. In enumeration two, defendant claims the trial court erred by refusing to give his requested charge that the state has the burden of proving beyond a reasonable doubt that he did not act in self-defense. Where evidence of self-defense is presented, it is reversible error for the trial court to refuse to give a requested charge that the state has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense. *State v. Shepperd*, 253 Ga. 321 (320 SE2d 154) (1984), aff'g 170 Ga. App. 286 (316 SE2d 785) (1984).

Defendant requested, and the trial court refused to give, the following charge: "I charge you that the burden of proof rests entirely upon the State even when a Defendant asserts an affirmative defense such as self-defense or justifiable homicide." We find no reversible error in the refusal of the trial court to give the requested charge. The charge does not accurately state the principle that "the State has the burden of proving beyond a reasonable doubt that the defendant did not act in self-defense." *Shepperd*, supra. In general terms, the requested charge simply states that the burden of proof remains with the state even when the defendant claims self-defense. "A request to charge should in itself be correct, and even perfect; otherwise the refusal to give it will not be cause for a new trial." (Citation and punctuation omitted.) *Daniels v. State*, 184 Ga. App. 689, 690 (362 SE2d 775) (1987).

Before charging on self-defense, the trial court instructed the jury that the defendant enjoys a presumption of innocence until proven guilty, and that the state has the burden of proving guilt beyond a reasonable doubt. Given that the defendant failed to make a proper request on the principle of law he claims the court refused to charge, and the charge as a whole was otherwise sound, we find no error. See *Boyd v. State*, 253 Ga. 515, 517-518 (322 SE2d 256) (1984).

3. Next, defendant asserts the trial court erred by refusing his request to strike a law enforcement officer from the jury panel for

stage of trial requiring the presence of the accused. However, this was not an issue presented for appellate review, accordingly no decision is rendered thereon. The defendant enumerated as error and argued only the contention that he was not present during the court's recharge to the jury. The defendant's absence after the jury retired for deliberations was not arguably within the scope of the error asserted, nor was it raised in the defendant's brief. See *Williams v. State*, 178 Ga. App. 581, 587 (344 SE2d 247) (1986) (appellate jurisdiction limited to legal points raised by enumerations of error); OCGA § 5-6-48 (f) (errors not specified considered only where it is apparent from the notice of appeal, the record, the enumeration of errors, or any combination thereof, that such error was sought to be reviewed).

cause. The trial court must grant a defendant's request to strike a full-time police officer from the jury panel for cause. "It is inherent in the nature of police duties and the closeness with which such officers are identified with criminal procedures that questions regarding possible bias, fairness, prejudice or impermissible influence upon jury deliberations inevitably arise." *Hutcheson v. State*, 246 Ga. 13, 14 (268 SE2d 643) (1980).

The only response in the record from the juror at issue was to the trial court's question, "Do you have any arrest powers, sir?," to which the juror replied, "No sir, not arrest powers, just for enforcement of animal ordinance only." The juror was apparently an animal control officer with no arrest powers. The defendant has failed to demonstrate by the record that this juror would be a source of the type of inherent influence on the jury associated with full-time police officers as defined in *Hutcheson,* supra. Accord *Kent v. State*, 179 Ga. App. 131 (345 SE2d 669) (1986) (correctional officer not struck for cause — no evidence of participation in criminal investigation or prosecution); *Anderson v. State*, 169 Ga. App. 729, 730 (314 SE2d 735) (1984) (building code officer not struck for cause — not connected to felony prosecutions). There was no error in refusing to strike the juror for cause.

4. Defendant contends the trial court erred by allowing the prosecuting attorney to question him, over objection, on matters related to his right to remain silent. After the defendant testified he shot the victim in self-defense before fleeing the scene, the trial court allowed the prosecuting attorney on cross-examination to ask the defendant why he did not wait at the scene and tell the police he acted in self-defense. The defendant's silence prior to receipt of the *Miranda* warnings may be used for purposes of impeachment by the prosecution. *Osborne v. State*, 193 Ga. App. 276 (387 SE2d 383) (1989). Since the question was directed to a pre-arrest time period before defendant's receipt of *Miranda* warnings, there is no merit in the fourth enumeration of error.

5. In his fifth enumeration, defendant complains the trial court erroneously refused to give his requested jury charge related to self-defense and the reasonable belief that one is in imminent danger of death or great bodily injury which must exist before the justifiable use of deadly force in self-defense. The court covered this principle when it charged the jury on the law of self-defense in the language of OCGA § 16-3-21. It is not error to refuse to charge in the exact language requested when the legal principle at issue is substantially covered in the charge given. *Stephens v. State*, 196 Ga. App. 29, 30 (395 SE2d 353) (1990).

6. After the prosecution introduced evidence of the defendant's prior felony convictions to prove the charge of possession of a firearm

by a convicted felon, defendant contends the trial court erred by excluding defense evidence relating to his mental condition and criminal intent at the time of the prior convictions. The prior felony convictions were alleged in the possession count of the indictment and were admissible evidence. OCGA § 24-9-20 (b). The defendant's state of mind at the time he was charged and convicted of the prior offenses was not relevant to any issue in the case. The trial court did not err in excluding this evidence.

7. In the seventh enumeration of error, defendant claims the evidence was insufficient to sustain the conviction. There was ample evidence for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of voluntary manslaughter. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur specially.*

SOGNIER, Chief Judge, concurring specially.

While I concur fully in the judgment in this case, I write specially in regard to Division 1. "In Georgia, a criminal defendant is constitutionally guaranteed the right to be present at all stages of his trial. [Cits.]" *Lewis v. State*, 164 Ga. App. 549 (1) (297 SE2d 303) (1982). This right cannot be waived by a defendant's attorney unless the waiver is made in the defendant's presence, or by his express authority, or is subsequently acquiesced in by him. *Wilson v. State*, 212 Ga. 73, 77-78 (90 SE2d 557) (1955). While the majority correctly states that the transcript does not support appellant's assertion that he was absent from court during the recharge to the jury, the transcript does reflect that during the jury's deliberations and while appellant was absent, appellant's counsel "waived" appellant's presence when making an objection to the trial court regarding the recharge. We have held that a criminal defendant is not entitled to be present during jury deliberations because it is not a stage of the trial covered by the above principle. E.g., *Fowler v. Grimes*, 198 Ga. 84, 90-91 (3) (31 SE2d 174) (1944); *Holbrooks v. State*, 48 Ga. App. 850-851 (3) (174 SE 168) (1934). Unlike the situation in *Seay v. State*, 111 Ga. App. 22, 25 (3) (140 SE2d 283) (1965), the transcript in the case sub judice discloses that the jury's deliberations were not disturbed and no communication was had with the jury during appellant's absence on account of the objection posed by appellant's counsel. " '[T]he presence of the defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, and to that extent only.' [Cit.]" *Fowler*, supra at 91 (3). Applying the precepts set forth in *Stewart v. State*, 165 Ga. App. 428, 429-430 (2) (300 SE2d 331) (1983), in which we found no reversible error due to the nature of the communication between trial court and jury in the absence of the de-

fendant and her counsel, I do not find the communication here between trial court and appellant's counsel was so material to appellant's case as to require his presence or of a character to have been prejudicial to him so as to render his absence during the communication reversible error. See id. at 430.

I am authorized to state that Presiding Judge McMurray joins in this special concurrence.

DECIDED SEPTEMBER 3, 1991 —
RECONSIDERATION DENIED SEPTEMBER 19, 1991 — 

*Alden W. Snead, J. M. Raffauf*, for appellant.
*J. David McDade, District Attorney, William H. McClain, Assistant District Attorney*, for appellee.