A91A1005. MINCEY v. THE STATE.
(410 SE2d 185)

SOGNIER, Chief Judge.
Louis Alford Mincey was charged with murder and tampering with evidence. Mincey and his uncle, Ricky Craig Lewis, who was charged with the same offenses, were tried jointly. The jury found both guilty of tampering with evidence, acquitted Lewis of the murder charge, and found Mincey guilty of the lesser offense of voluntary manslaughter. Mincey appeals from the judgment and sentence entered on the jury's verdict finding him guilty of voluntary manslaughter.

The evidence adduced at trial, construed to support the jury's verdict, showed that although neither was invited, both appellant and Lewis attended a birthday party. Sometime past midnight, after many of the guests had left the party, a fight erupted between Lewis and Donnie Mock, another guest. There was evidence that as Lewis and Mock were fighting, Greg Taylor caught Lewis's arm and began pulling him away. Lewis shook Taylor off, and several witnesses heard Lewis call to appellant to "get him." Appellant and Taylor then engaged in a struggle and Taylor fell to the ground.

Although none of the witnesses testified to having seen appellant stab Taylor, appellant testified at trial that he did so, saying that he

opened a pocketknife he was carrying because he had earlier "seen an imprint [of a knife] that was in [Taylor's] pocket" and that he stabbed Taylor in self-defense, to protect his uncle and "to get him [Taylor] off of me." Appellant and Lewis left the scene in Lewis's truck while the remaining party guests were gathered around Taylor. The sheriff and an ambulance were called to the scene by those remaining, and Taylor was transported to the hospital, where he was pronounced dead. The autopsy report, introduced into evidence at trial, established five separate stab wounds. Appellant and Lewis testified at trial that when they left the party Lewis was driving because appellant's hand was bleeding profusely from a cut. However, when appellant and Lewis passed sheriff's deputies on their way to the scene of the stabbing, they stopped to change drivers because Lewis did not have a driver's license and was afraid of being stopped. During this stop Lewis threw appellant's knife into a pond.

1. Appellant contends the trial court erred by refusing to give his requested charge on justification drawn from *Dunn v. State*, 16 Ga. App. 9 (1) (84 SE 488) (1915). The requested charge would have instructed the jury that "[w]here a homicide is admitted and the accused seeks to justify it upon the ground that he was actuated by the fears of a reasonable man, the conduct and condition of the deceased in his presence shortly before the fatal encounter, and the influence of this conduct or condition upon the mind of the accused, are relevant as being illustrative not only of the reasonableness of his fears, but also as indicating the quo animo of the deceased, although the previous difficulty may have been between the deceased and a third person." Although the trial court indicated it would take the ideas embodied in the requested charge, it rejected this particular language, finding it argumentative because it implied that the court could direct the jury that certain conduct of the victim was relevant because it illustrated other things. The trial court did give a complete charge on justification which embodied the principles in the requested charge, and thus "[t]he failure of the trial court to charge in the exact language requested is not reversible error where the charge given substantially covered the same legal principles. [Cits.]" *Stephens v. State*, 196 Ga. App. 29, 30 (2) (395 SE2d 353) (1990).

2. Appellant also enumerates error in the trial court's charge on flight, which he argues was incomplete, singled out and emphasized one piece of circumstantial evidence, and prejudiced the jury by instructing them that guilt may be inferred from flight. Recently, in *Renner v. State*, 260 Ga. 515, 517-518 (3) (b) (397 SE2d 683) (1990), the Supreme Court adopted the rule set forth by Justice Bell in his concurrence in *Cameron v. State*, 256 Ga. 225, 227-228 (345 SE2d 575) (1986), abolishing the jury instruction on flight as serving no real purpose and carrying the "potential of being interpreted by the jury

as an intimation of opinion by the court that there is evidence of flight and that the circumstances of flight imply the guilt of the defendant." *Renner*, supra at 518 (3) (b). However, the new rule was made applicable only to cases tried after January 10, 1991, "the date on which [the *Renner*] opinion appear[ed] in the advance sheets of the Georgia Reports, 260 Ga. 515." Id. at 518 n. 2. As the case sub judice was tried on April 18, 1989, here, as in *Renner*, giving the charge on flight was not reversible error. Id.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Michael J. Classens, Lisa M. Gross*, for appellant.
*J. Lane Johnston, District Attorney*, for appellee.