## S96A0113. LOGAN v. THE STATE.
### (468 SE2d 755)

THOMPSON, Justice.

Jason Phillip Logan was convicted of malice murder, aggravated assault, and two counts of possession of a firearm in the commission of a crime.[1] He appeals from the judgments of conviction and from the denial of his motion for new trial, asserting that the trial court's response to an inquiry from the jury during deliberations was both improper and prejudicial. We find no reversible error, and affirm.

1. Viewed in favor of the verdict, the evidence shows that Logan, Darren Green, and several others were at the home of William Gordon for a New Year's Eve party. Logan came to the party armed with an M-16 automatic rifle. The group had been consuming alcoholic beverages for several hours during the course of the evening. At midnight, several people went out into the street and took turns firing Logan's rifle into the air. Shortly thereafter, the victim and another man who were walking along the street, approached the group in search of drugs. Words were exchanged between the two groups and a fight ensued between Green and the victim. Both the victim and his companion ran, with Logan's friends in pursuit. Logan ran toward Gordon's house, announced that he was going to rob the victim, and retrieved his rifle. He resisted Gordon's attempts to prevent him from getting the weapon. The victim sought refuge under a house when Logan approached with the rifle in hand. Gordon observed Logan pull the victim up by his shirt while threatening him with the weapon; he then heard the weapon discharge. Despite Green's protestations not to shoot and his efforts to grab the weapon, Logan repeatedly fired the rifle, claiming that he was going to "spark" the victim. The victim was searched for money. He died as the result of multiple gunshot wounds. Logan testified that the victim "looked like" a man who had robbed him of $200 earlier that day. He claimed, however, that Green

---

[1] The crimes occurred on January 1, 1992. Logan was indicted on May 27, 1992 for malice murder, felony murder, aggravated assault, and possession of a firearm during the commission of a crime (three counts). Trial began on April 20, 1993, and the jury returned its verdict on the following day. On May 27, 1993, Logan was sentenced to life imprisonment for murder, a concurrent term of ten years for aggravated assault, and to two consecutive five-year sentences for the firearms offenses. Upon service of the life sentence, the remainder of the sentence was to be served on probation. A motion for new trial was filed on June 25, 1993, amended on May 23, 1995, and denied on August 24, 1995. A notice of appeal was filed September 12, 1995. The case was docketed in this Court on October 16, 1995, and was submitted for decision on briefs on January 12, 1996.

had fired the fatal shots.

The evidence was sufficient to enable a rational trier of fact to find Logan guilty beyond a reasonable doubt of the offenses for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. After two and one-half hours of deliberations, the court dispersed the jurors for the evening with general instructions not to discuss the case and to avoid any media coverage of the trial. The court also advised the jury that the defendant, his counsel, and the prosecutor had been excused from the courtroom prior to the commencement of deliberations and that he did not want to take the time to bring them all back. After some discussion concerning the time to reconvene in the morning, one of the jurors inquired, "Suppose we can't come up with a decision?" The court responded:

> I'll have to charge you on what the consequences of that are. It's a mistrial. We'd have to try it all over again, so I'm going to ask you all to do your best to come up with a decision. I don't want to get into that now because the other parties are not here, but if it gets to that point, let me know something, but, in the meantime, be here tomorrow at nine o'clock promptly and I'll bring you in here and get you started again.

Deliberations continued on the following morning, and after an inquiry concerning an evidentiary matter which the court answered to the satisfaction of the parties, a verdict was returned before noon.

> Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused. . . .

*Miller v. State*, 13 Ga. App. 440, 443 (2) (79 SE 232) (1913). Clearly, the trial court erred in communicating with the jury outside the presence of the accused and his counsel. But "[a]lthough all communications with the jury are to be discouraged except in open court with all persons present," *Berryhill v. State*, 235 Ga. 549, 554 (12) (221 SE2d 185) (1975), not all such ex parte communications result in reversible error.

Logan asserts that the court's response to the inquiry was prejudicial because the jurors may have believed that this jury would be required to try the case for a second time. Any such conclusion is mere speculation and does not give rise to the level of prejudice which would mandate a new trial. "The right to a fair and impartial trial depends on the right of the accused and his counsel to be present when there are communications between jurors and the trial judge which may *materially affect* his case." (Emphasis supplied.) *Morris v. State*, 257 Ga. 781, 784 (4) (364 SE2d 571) (1988).

The communication between the court and jurors neither materially affected Logan's case nor did it provide a "causal link[ ]" to the verdict. See *Johnson v. State*, 238 Ga. 59, 61 (230 SE2d 869) (1976). The error here was precipitated by the informal, hypothetical inquiry of a single juror after the jury had returned to the courtroom solely for purposes of adjourning for the day. There is no indication that the jurors were at any time unable to reach a verdict. We find no reasonable probability that the erroneous communication contributed to the verdict, and thus view the court's remarks as harmless error. Id. Accordingly, we find insufficient ground for setting aside a verdict strongly supported by the evidence. See generally *Thacker v. State*, 226 Ga. 170 (11) (173 SE2d 186) (1970).

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 1996.

*Willie T. Yancey II*, for appellant.

*Spencer Lawton, Jr.*, District Attorney, *Melanie Higgins*, Assistant District Attorney, *Michael J. Bowers*, Attorney General, *Beth Attaway*, Assistant Attorney General, for appellee.

