## S98A0214. BURTTS v. THE STATE.
### (499 SE2d 326)

HUNSTEIN, Justice.

Corey Burtts was convicted of two counts of malice murder, four counts of felony murder, two counts of aggravated assault, and two counts of possession of a firearm by a convicted felon in the shooting deaths of Deshonn Cooper and Jeffrey Cheney. He was sentenced to life imprisonment and appeals from the denial of his motion for new trial.[1] We affirm.

1. The evidence adduced at trial showed that on May 29, 1994, appellant saw a red vehicle belonging to Cheney drive up the street towards the parking lot where Cooper, appellant's former girl friend, was having her car fixed. Appellant told a friend, Patricia Howard, to go in her house and shut the door. He then followed Cheney to the parking lot where Cooper was waiting, shot Cooper and Cheney numerous times, and fled. Both victims died at the scene from the gunshot wounds they received. Reviewing the evidence in a light most favorable to the jury's verdict, we find that it was sufficient to enable a rational trier of fact to find appellant guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Two witnesses identified appellant at trial by his nickname or street name, "Killer Corey," because they were unfamiliar with his full name. Appellant contends that this testimony impermissibly placed his character in issue. We rejected this argument in *Riley v. State*, 268 Ga. 640 (491 SE2d 802) (1997), in which we held that testi-

---

[1] The crimes occurred on May 29, 1994. Burtts was indicted in Fulton County on January 10, 1995 and was tried before a jury on July 10-13, 1995. After being found guilty of all charges, the trial court vacated the four felony murder convictions by operation of OCGA § 16-1-7 and sentenced Burtts to life imprisonment. He filed a motion for new trial on August 8, 1995 which was amended on October 10, 1996 and again on September 5, 1997. The motion for new trial was denied on September 11, 1997 and a notice of appeal filed on October 7, 1997. The case was docketed in this Court on October 24, 1997 and submitted for decision on the briefs on December 15, 1997.

mony as to the use of a nickname does not place the character of an accused in issue. See *Gresham v. State*, 265 Ga. 730 (3) (462 SE2d 370) (1995). We find no merit in this enumeration of error.

3. During deliberations, the jury sent a note to the trial judge asking to see the transcript of an eyewitness' statements to police. Without notifying or consulting with appellant or counsel for either side, the trial judge denied the jury's request in writing and told the jury to rely on their recollection and notes of such statements, which had been read in open court during the trial. Appellant contends the trial court violated his constitutional right to be present during his trial when it responded to the jury's request outside of his presence. See Amendment VI, U. S. Const.; Ga. Const. of 1983, Art. I, Sec. I, Par. XII.

It is a well-established rule of law that a defendant on trial must be present when the court takes any action materially affecting his case. See *Waldrip v. State*, 266 Ga. 874 (2) (471 SE2d 857) (1996); *Andrews v. State*, 196 Ga. 84, 94 (26 SE2d 263) (1943).

> "Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused (for instance, to hasten a verdict against him, or to induce jurors who might be for him to yield their convictions); and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial." [Cits.]

(Footnote omitted.) *Waldrip*, supra at 878.

It is clear that the trial court erred in communicating with the jury outside the presence of appellant and his counsel. The record in this case establishes, however, that the nature of the communication did not hasten the verdict against appellant or cause jurors to yield their convictions. Moreover, because it is within the discretion of the court to decide whether to allow a jury to rehear evidence, *Byrd v. State*, 237 Ga. 781 (1) (229 SE2d 631) (1976), and we find no abuse of discretion in this case, we also find no reasonable probability that the erroneous communication contributed to the verdict. Accordingly,

although the trial court's communication with the jury outside the presence of appellant and his counsel was error, the communication was not prejudicial to appellant. See *Waldrip,* supra at (2) (court's conversation with juror concerning sequestration not prejudicial); *Logan v. State,* 266 Ga. 566 (2) (468 SE2d 755) (1996) (harmless error for court to respond to question concerning consequences if jury unable to reach a verdict); *Elliott v. State,* 168 Ga. App. 781 (2) (310 SE2d 758) (1983) (court's denial of jury's request to see transcript of defendant's testimony without notifying defendant or counsel not prejudicial to defendant).

*Judgment affirmed. All the Justices concur, except Sears, J., who concurs specially.*

SEARS, Justice, concurring specially.

As correctly stated by the majority, our case law has consistently held that testimony that merely refers to a defendant by his or her street name or nickname does not automatically suggest bad character.[2] However, I believe it is possible for a street name to be so closely linked with the circumstances of a crime that it may, when recited in the jury's presence, tend to suggest the defendant's bad reputation or propensity to commit specific criminal acts. In those situations, I believe that trial courts should consider whether the probative value associated with recitation of the street name in the jury's presence is outweighed by the prejudicial impact of the jury's hearing the defendant referred to by a nickname that explicitly suggests guilt.

I draw no conclusions, however, regarding whether the trial court in this case erred by not making this determination, because I believe that even if such error did occur, it was outweighed by the overwhelming evidence of appellant's guilt.

DECIDED MAY 4, 1998.

*Steven E. Phillips,* for appellant.
*Paul L. Howard, Jr., District Attorney, David E. Langford, Bettie-anne C. Hart, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Allison B. Goldberg, Assistant Attorney General,* for appellee.

---

[2] See *Riley v. State,* 268 Ga. 640 (491 SE2d 802) (1997); *Gresham v. State,* 265 Ga. 730, 732 (462 SE2d 370) (1995).