## A05A1531. BARNETT v. THE STATE.
### (623 SE2d 136)

PHIPPS, Judge.

Gregory Barnett was convicted of selling cocaine and distributing cocaine within 1,000 feet of a public housing project, the Atlanta Street Apartments. On appeal, he contends that the trial court erred in denying his motion for a directed verdict of acquittal on the latter charge. He also contends that the trial court erred in denying his motion for a mistrial, asserting that the court impermissibly communicated with the jury outside his presence and that of his counsel. Because Barnett has failed to demonstrate reversible error, however, we affirm.

1. A motion for a directed verdict of acquittal is granted only "[w]here there is no conflict in the evidence and the evidence introduced with all reasonable deductions and inferences therefrom shall

demand a verdict of acquittal or 'not guilty.' "[1] The standard for reviewing a denial of a motion for a directed verdict is whether, under the rule of *Jackson v. Virginia*,[2] the evidence was sufficient for a rational trier of fact to find beyond a reasonable doubt that the defendant was guilty of the charged offense.[3] As an appellate court, we do not weigh the evidence or determine witness credibility.[4] We view the evidence in the light must favorable to the verdict, and the appellant no longer enjoys a presumption of innocence.[5]

So viewed, the evidence showed that on the afternoon of December 5, 2001, two undercover narcotics agents observed a Lincoln Towncar with two males "pull up to the corner of the Atlanta Street and Pepper's Grocery parking lot" in Hall County. One agent used binoculars to observe Barnett approach the passenger side window of the Towncar, walk to an unidentified male on a bicycle, walk back to the passenger side window, and then hand some object through that window. The other agent video-recorded a Towncar driving away and then Barnett crossing a street alongside a male riding a bicycle. One of the agents testified that after about two minutes into the Towncar's "travel from the Atlanta Street Apartment complex," they stopped the Towncar based on their suspicion that a drug transaction had occurred.

The passenger of the Towncar testified that he had accompanied the driver of the Towncar to the Atlanta Street Apartments to buy drugs and that the driver did buy drugs there. He confirmed that it was Barnett who had exchanged "dope" for money with the driver. He recounted that, after they were stopped, the driver exited the car, threw the "dope" to the ground, and then stepped on it. An assisting narcotics agent testified that he noticed a small white rock and another crushed rock where the driver was standing and collected the substance. It tested positive for cocaine.

After arresting the occupants of the Towncar, the two agents returned to the site of the drug transaction and arrested Barnett. Barnett claimed in a statement to police that he had served as the middleman in the drug deal, but had never been paid any money. Portions of an audiotape of Barnett's statement were presented to the jury. In addition, the jury twice requested and heard the audiotape during its deliberations.

---

[1] OCGA § 17-9-1 (a).

[2] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[3] *Lewis v. State*, 268 Ga. App. 547, 547-548 (1) (602 SE2d 278) (2004).

[4] Id.

[5] Id.

Barnett claims that no evidence was presented that the drug transaction occurred within 1,000 feet of a housing project. OCGA § 16-13-32.5 (b) provides,

> It shall be unlawful for any person to manufacture, distribute, dispense, or possess with intent to distribute a controlled substance . . . in, on, or within 1,000 feet of any real property of any publicly owned or publicly operated housing project. . . . For the purposes of this Code section, the term "housing project" means any facilities under the jurisdiction of a housing authority which constitute single or multifamily dwelling units occupied by low and moderate-income families pursuant to Chapter 3 of Title 8.

The passenger of the Towncar testified that the drug transaction had occurred at the Atlanta Street Apartments. And one of the agents, who had investigated well over 400 drug cases and who had spent "a great deal of time" in that residential community, testified that the Gainesville Housing Authority owned the Atlanta Street Apartments and that families of lower income lived there. Thus, there is no merit in Barnett's contention that there was insufficient evidence to support a finding that he had distributed a controlled substance within 1,000 feet of a public housing project.[6]

2. Barnett contends that the trial court erred in denying his motion for a mistrial, arguing that the trial court's communication with the jury outside his presence violated his right to be present at all proceedings against him.[7] The standard of review for a refusal to grant a mistrial is abuse of discretion.[8]

During deliberations, the jury sent the court a note that "[d]ue to the lack of *concrete* evidence, and poor tape quality the jury is unable to come to a unanimous decision." Without notifying either Barnett or his attorney of this note, the trial court sent a note back to the jury that stated, "Please continue your deliberations." After the jury completed its deliberations and returned to the courtroom, the court called a bench conference and announced to the attorneys, "The verdict is guilty on both counts. Before the verdict is published, I wanted to make counsel aware of the note I received at 3:20 this afternoon. It is now about 4:17, 4:18." After the judge read both notes, Barnett's attorney immediately moved for a mistrial on the ground

---

[6] *Haywood v. State*, 248 Ga. App. 210, 212 (2) (546 SE2d 325) (2001); *Menefee v. State*, 226 Ga. App. 725, 726-727 (2) (487 SE2d 489) (1997).

[7] 1983 Ga. Const., Art. I, Sec. I, Par. XII; see *Sammons v. State*, 279 Ga. 386, 387 (2) (612 SE2d 785) (2005).

[8] *Johnson v. State*, 268 Ga. App. 426, 427 (1) (602 SE2d 177) (2004).

that the court had impermissibly communicated with the jury. The motion was denied. Barnett maintains on appeal that the jury's note indicated its inability to reach a unanimous verdict because of a lack of evidence against him; that the trial court's response to the jury implied that it must deliberate until reaching a unanimous verdict; and that the court's response to the jury, without his input, deprived him of an opportunity to request an *Allen* charge to advise the jurors not to yield individual convictions merely to reach a verdict.[9]

The rule in Georgia is that the defendant on trial must be present when the court takes any action materially affecting his case.[10]

> Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused; and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial.[11]

The trial court's communication with the jury outside the presence of Barnett and his counsel was error.[12] However, Barnett has shown nothing about the communication that tended to be prejudicial to him; nor has he shown that the nature of the communication hastened the verdict or caused any juror to yield his or her conviction.[13] Moreover, after the verdict was announced, the jury was

---

[9] See *Allen v. United States*, 164 U. S. 492 (17 SC 154, 41 LE 528) (1896); see generally *Mayfield v. State*, 276 Ga. 324, 331 (2) (578 SE2d 438) (2003); *Romine v. State*, 256 Ga. 521, 526-527 (1) (350 SE2d 446) (1986); Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d ed.), Part 1.70.30 (2003).

[10] *Burtts v. State*, 269 Ga. 402, 403 (3) (499 SE2d 326) (1998); *Stewart v. State*, 165 Ga. App. 428, 429 (2) (300 SE2d 331) (1983).

[11] *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998) (citations and punctuation omitted).

[12] See id.; *Burtts*, supra.

[13] See *Burtts*, supra (finding no prejudice where the nature of the communication did not hasten the verdict against defendant or cause jurors to yield their convictions); *Stewart*, supra (finding no prejudice where court had bailiff tell jury claiming to be deadlocked to "keep on trying"); compare *Carter v. State*, 273 Ga. 428, 430 (541 SE2d 366) (2001) (finding prejudice where court told jury that the defendant would not be tried again on a specific count if that jury did not reach a verdict because it was inherently coercive in that it suggested that the defendant

polled, and each juror affirmed that he or she had arrived at the verdict freely and voluntarily and that the verdict remained his or her own. In addition, the record reveals that, as part of its final charge to the jury regarding deliberating, the court had instructed,

> You should start your deliberations with an open mind, consult with one another and consider each other's views. Each of you must decide this case for yourself, but you should do so only after a discussion and consideration of the case with your fellow jurors. Don't hesitate to change an opinion if you are convinced that it is wrong. However, you should never surrender an honest opinion in order to be congenial or to reach a verdict solely because of the opinions of other jurors.[14]

Because there is no reasonable probability that the trial court's erroneous communication contributed to the jury's verdict, the communication was not prejudicial to Barnett.[15] Thus, the trial court's denial of Barnett's motion for mistrial was not an abuse of discretion.

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 4, 2005.

*Daniel J. Sammons*, for appellant.
*Jason J. Deal, District Attorney, Norris S. Lewis, Jr., Assistant District Attorney*, for appellee.

---

would go free if not convicted by that jury); *Howard v. State*, 218 Ga. App. 346, 347-350 (1) (461 SE2d 274) (1995) (finding prejudice where court told jury, "it's with you, *and that's all there is to it*" as equivalent to requiring the jury to reach a verdict one way or another) (emphasis supplied).

[14] See generally Suggested Pattern Jury Instructions, Vol. II: Criminal Cases (3d ed.), Part 1.70.30 (2003).

[15] See *Mayfield*, supra; *Burtts*, supra at 403-404 (where no reasonable probability that an erroneous communication contributed to the verdict, communication was not prejudicial to defendant).