## A06A1469. GRIMES v. THE STATE.
### (633 SE2d 401)

ANDREWS, Presiding Judge.

Mark Antonio Grimes was found guilty by a jury of hijacking a motor vehicle and aggravated assault. His sole enumeration of error on appeal is that the trial court violated his right to be present at all stages of his trial proceedings when, in his absence, the trial judge engaged in colloquy with the jury. We find that, even if the judge erroneously communicated with the jury in Grimes' absence, the character of the communication could not have prejudiced Grimes. Accordingly, we find no harmful error and affirm the judgment of conviction.

1. The State produced evidence sufficient for the jury to conclude beyond a reasonable doubt that Grimes was guilty of aggravated assault by assaulting and cutting the victim with a knife, and guilty of hijacking a motor vehicle by using a knife to obtain a motor vehicle from the victim by force and violence. OCGA §§ 16-5-21 (a) (2); 16-5-44.1 (b); *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Grimes contends that, because the trial judge engaged in a brief colloquy with the jury when he was not present, this violated his right to be present at all stages of his trial proceedings as provided under the Fifth and Sixth Amendments to the United States Constitution and Article I, Section I, Paragraph XII of the Georgia Constitution.

Grimes provided no citation of authority or argument in support of the claim that his rights under the Fifth and Sixth Amendments to the United States Constitution were violated, so those claims are deemed abandoned. Court of Appeals Rule 25 (c) (2).

As to his remaining claim, the constitutional right to the courts contained in Article I, Section I, Paragraph XII of the Georgia Constitution includes a criminal defendant's "right to be *present*, and see and hear, *all the proceedings* which are had against him on the trial before the Court." (Citations and punctuation omitted.) *Hanifa v. State*, 269 Ga. 797, 807 (505 SE2d 731) (1998). "A colloquy between the trial judge and the jury is a part of the proceedings to which the

defendant and counsel are entitled to be present." (Citation omitted.) Id. The record shows that, after the evidence was closed and the jury commenced deliberations in the case, the jury sent the trial judge a written note asking for a clarification on the charged offenses. With the approval of defense counsel, the trial judge entered the jury room alone to respond to the note. Before giving any response, the trial judge was informed by the jury that, "We already have a verdict on all three counts, but we're just not sure it's proper." The trial judge told the jury to return their verdict in the courtroom and that any issues raised would be addressed at that time. The trial judge then returned to the courtroom, explained on the record what happened in the jury room, and the jury entered the courtroom and returned the verdict.

Grimes' sole claim of error is that the trial judge's brief colloquy with the jury entitles him to a new trial because he was not present during the colloquy and he did not waive his right to be present. Grimes testified at his motion for a new trial that he was in a holding cell outside the courtroom, and he was not present when the trial judge received the jury's note, went to the jury room, and returned to explain the colloquy. Even if the record shows that Grimes was not present during the colloquy between the judge and the jury, and that he did not personally waive his right to be present, authorize his counsel to waive his right, or subsequently acquiesce in counsel's waiver (see *Pennie v. State*, 271 Ga. 419, 421-422 (520 SE2d 448) (1999)), we nevertheless find no reversible error on the present facts. No prejudice is presumed under these circumstances where "the character of the communication clearly shows that it could not have been prejudicial to the accused. . . ." (Citations omitted.) *Hanifa*, 269 Ga. at 807; *Fuller v. State*, 277 Ga. 505, 506 (591 SE2d 782) (2004). The record shows that any unauthorized communication between the trial judge and the jury in Grimes' absence amounted to nothing more than the jury informing the judge that they had reached a verdict but they were not sure it was proper, and the judge's response that the jury should render the verdict in open court. Because this colloquy had no effect on the verdict rendered, it could not have been prejudicial to Grimes and the error was harmless. *Burtts v. State*, 269 Ga. 402, 403-404 (499 SE2d 326) (1998); *Logan v. State*, 266 Ga. 566, 567-568 (468 SE2d 755) (1996).

*Judgment affirmed. Barnes and Bernes, JJ., concur.*

DECIDED JUNE 21, 2006.

*Sexton, Key & Hendrix, Joseph S. Key*, for appellant.

*Tommy K. Floyd, District Attorney, James L. Wright III, David E. Slemons, Assistant District Attorneys*, for appellee.