A06A1587. VAUGHN v. THE STATE.
(636 SE2d 163)

RUFFIN, Chief Judge.

A jury found Robert David Vaughn guilty of burglary. Vaughn appeals, arguing that the trial court erred by engaging in an improper "ex parte" communication with the jury. Because we conclude that Vaughn was deprived of his constitutional right to the courts when he was involuntarily absent during certain communications between the trial court and the jurors, we reverse.

Viewed in a light most favorable to the verdict, the record shows that after the conclusion of the evidence, the trial court noted on the record that the jurors had asked the bailiff if they could speak to "a detective." The court directed that, "without knowing exactly what is going on, I [am] going to clear the courtroom of everyone except the attorneys and court-related personnel. So, I [would] ask if you all would, if the [d]efendant would step out."

After Vaughn left the courtroom, the court advised the jury that his bailiff had reported that "some or all of [the jurors] had received phone calls concerning this case," and invited the jurors to address the court. In response, four jurors stated that, during the early morning hours, they had received one or more hang-up telephone calls. The court excused the jury and discussed the calls with the attorneys and other court staff outside of Vaughn's presence. The court then recalled the jurors and explained to them that his secretary and others at the courthouse had experienced similar phone calls and stated that

> [i]t could be something as simple as some sort of equipment problem because of the storms or it could be, you know, something more than that. But I just need to find out from you if any of you feel like that because of what [has] happened that you feel like you could [not] be completely fair and impartial. I mean, obviously, we do [not] have any idea the source of the call or the ringing of the phone. . . . Well, again, is there anyone, whether you received a call or not, that's on the [j]ury who feels like because of this you could [not] be completely fair and impartial to both sides? Since none of us know the origin of that it could be something fairly simple that [is] just equipment related, as far as we know. All right, I hear no response, so I assume that all of you feel like you can be completely fair and impartial, regardless of the source of the problem. All right, let [us] bring the other folks back in and we [will] continue on, then.

Although his attorney was present, Vaughn remained absent during the entire colloquy. There is no indication in the record that the court or anyone else informed him what was said after he returned to the courtroom. Thereafter, the jury found Vaughn guilty of burglary.

In his amended motion for new trial, Vaughn argued that the court erred in directing him to leave the courtroom during the jury colloquy. At the hearing on his motion for new trial, Vaughn testified that he did not know why he was being asked to leave the courtroom and that he did not feel like he was free to refuse. He also stated that

he did not discover that the court spoke with the jurors in his absence until he met with his appellate counsel; that he never told his trial attorney that he would waive his presence; and that he would not have agreed to such a waiver. The trial court denied Vaughn's motion for new trial, and he appeals the denial.

It is axiomatic that a criminal defendant must be present when the court takes any action materially affecting his case.[1] The trial court should not communicate with the jury on any subject, other than issues regarding the jury's convenience and comfort, outside the presence of the defendant and his attorney.[2] In the absence of the defendant,

> [t]here should be no communication which would tend in any manner to prejudice the accused (for instance, to hasten a verdict against him, or to induce jurors who might be for him to yield their convictions); and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial, and the accused would be entitled to another trial.[3]

The facts in this case are similar to those in *Pennie v. State*,[4] in which the trial court questioned a juror in the presence of counsel, but in the absence of the defendant. The juror advised the court that a spectator in the courtroom attempted to speak with him in the hallway and explained that he thought he recognized the spectator and the victim in the case.[5] The juror expressed concerns that he might suffer adverse consequences as a result of his verdict, but ultimately indicated that he was "pretty sure" that he could set aside his concerns and decide the case based upon the evidence.[6] The Supreme Court held that the defendant's involuntary absence during the colloquy was prejudicial, explaining that

> [w]here the juror revealed a possible connection to the victim and expressed concern that his verdict may pose a danger to him in the future, [the defendant] had an absolute right to be present at the meeting to assist trial counsel in effectively

---

[1] See *Burtts v. State*, 269 Ga. 402, 403 (3) (499 SE2d 326) (1998).

[2] See *Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998).

[3] (Punctuation omitted.) *Ford v. State*, 274 Ga. App. 695, 699 (2) (617 SE2d 262) (2005).

[4] 271 Ga. 419 (520 SE2d 448) (1999).

[5] Id. at 420-423 (2).

[6] Id. at 421.

examining the juror. Under *Hanifa,* [the defendant's] involuntary absence must be presumed prejudicial.[7]

Here, the jurors specifically requested to speak with law enforcement regarding hang-up telephone calls "concerning [the] case." Implicit in the trial court's decision to specifically exclude Vaughn from the colloquy with the jury is the court's belief that the calls may have had some connection to the case being tried or that Vaughn may have somehow been responsible.[8] When the trial court asked the jurors whether they were still able to be fair, the jurors remained silent. Neither the State nor Vaughn's counsel attempted further inquiry. Moreover, Vaughn was never made aware of the hang-up telephone calls and the jurors' concerns until after he reviewed the trial transcript with appellate counsel, thereby depriving him of the opportunity to help trial counsel question the jurors.[9]

Under these circumstances, Vaughn had a right to be present during voir dire regarding the telephone calls so that he could assist his trial attorney in "effectively examining" the jurors regarding their abilities to be fair and impartial.[10] Pursuant to our Supreme Court's decision in *Pennie v. State,* we necessarily conclude that Vaughn's involuntary absence during the colloquy between the trial court and the jurors was prejudicial and that the trial court erred in denying Vaughn's motion for new trial on this basis.[11]

In its brief, the State suggests that Vaughn may have known about the jury colloquy before the conclusion of the trial, presumably arguing that such knowledge would have resulted in waiver of his right to appellate review. To the extent that the State is asserting waiver, we reject such argument. Vaughn specifically testified during the hearing on the motion for new trial that he was not made aware of the colloquy with the jury until after he reviewed the transcript with appellate counsel. Notwithstanding the assistant district attorney's statement at the hearing that he "believe[d] there [is] a possibility" that trial counsel "could" testify that he discussed the juror voir dire with Vaughn during the trial, there is no evidence to

---

[7] Id. at 422 (citing *Hanifa,* supra).

[8] The trial transcript indicates that the trial court was aware of the issue regarding the telephone calls before Vaughn was asked to leave the courtroom.

[9] Compare *State v. McNellis,* 15 Conn. App. 416, 428-430, 434 (III) (546 A2d 292) (1988) (no reversible error when defendant was excluded from voir dire proceeding regarding anonymous telephone calls jurors received concerning the case, where defendant was able to hear the proceedings over a loudspeaker, given a transcript of the proceedings, and permitted to confer with counsel about the matter).

[10] See *Pennie,* supra.

[11] See id.

contradict Vaughn's testimony on this issue.[12] Thus, we conclude that Vaughn did not waive his right to appeal the trial court's denial of his motion for new trial.[13]

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED SEPTEMBER 6, 2006.

*Sexton, Key & Hendrix, Joseph S. Key,* for appellant.

*Tommy K. Floyd, District Attorney, Thomas R. McBerry, Assistant District Attorney,* for appellee.

---

[12] The prosecutor stated at the hearing that "[i]f it would [be] critical to the [c]ourt's decision I would ask for the opportunity to have [the trial attorney] come testify." The court did not acknowledge the suggestion, and the prosecutor did not pursue the matter, thereby waiving the request. See *Overton v. State,* 270 Ga. App. 285, 289 (2) (606 SE2d 306) (2004) (trial counsel's failure to obtain rulings on motions or objections ordinarily results in a waiver).

[13] See *Pennie,* supra at 423 (defendant did not waive her right to appeal her involuntary absence during a colloquy with the jury when she had no knowledge of the colloquy until after the verdict).