**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**March 15, 2016**

# In the Court of Appeals of Georgia

A15A2044. WEAVER v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Rodney Weaver was convicted of aggravated child molestation, aggravated sexual battery, and child molestation. He appeals, claiming that the trial court's communication with the jury violated his right to be present during all stages of the proceedings and his right to counsel, that his trial counsel was ineffective, and that the trial court improperly expressed an opinion about the evidence. However, Weaver waived any objection to the right to be present, was not deprived of counsel at a critical stage, has failed to show that his trial counsel's performance was both deficient and prejudicial, and has not shown that the trial court expressed an opinion about the evidence. Accordingly, we affirm.

1. *Sufficiency of the evidence.*

Although Weaver has not challenged the sufficiency of the evidence, we note that, construed in the light most favorable to the verdict, *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that Weaver sexually abused the 12-year-old victim by forcing her to disrobe, inserting his finger into her vagina, licking her vagina, and putting his mouth on her breasts. Such evidence "was sufficient for a rational trier of fact to find [Weaver] guilty of the crimes charged beyond a reasonable doubt. [Cit.]" *Hudson v. State*, 309 Ga. App. 580 (1) (711 SE2d 95) (2011).

2. *Communication with jury.*

During jury deliberations, the foreperson sent a note to the judge indicating that one of the jurors wanted to speak with the court. At this time, Weaver and the lawyers were not in the courtroom. The judge responded in writing, asking what the matter concerned and stating that she could not speak with the juror without the lawyers and Weaver present. The foreperson sent a second note indicating that the juror wanted to discuss possible juror misconduct, and the court responded in writing that the jury should continue deliberating until the court had considered the matter. Approximately 20 minutes later, Weaver and the lawyers returned to the courtroom and the judge informed them of the substance of both the jury's notes and her responses. The judge

2

also told Weaver and the attorneys that she intended to call the juror into court to inquire into the matter, and asked for objections. Both the state's attorney and Weaver's counsel replied that they had no objections to the procedure. The court then separately questioned the juror and the jury foreperson in open court, after which she had them return to the jury room to continue deliberations, and determined that no further action was required by the court. Upon inquiry by the court, counsel for Weaver stated that the defense had nothing to add in regard to the matter and did not raise any objections to the judge's handling of the notes from the jury or her questioning of the jurors.

a. *Right to be present.*

Weaver claims that the trial court's communication with the jury via the notes violated his right to be present during all proceedings. However, Weaver waived this claim.

> Within the Georgia constitutional right to the courts is a criminal defendant's right to be present, and see and hear, all the proceedings which are had against him on the trial before the [c]ourt. . . . Unquestionably the trial judge should not in any manner communicate with the jury about the case, in the absence of the accused and his counsel, pending the trial; and the better practice is for the judge to have no communication with the jury on any subject except through the medium of the sworn bailiff in charge of the jury; and the communication should be restricted, in the absence of the accused and

3

his counsel, to matters relating to the comfort and convenience of the jury. There should be no communication which would tend in any manner to prejudice the accused; and unless the character of the communication clearly shows that it could not have been prejudicial to the accused, the presumption of law would be that it was prejudicial. We state again: all communications with the jury are to be discouraged except in open court with all persons present.

*Hanifa v. State*, 269 Ga. 797, 807 (6) (505 SE2d 731) (1998) (citations, punctuation, and emphasis omitted).

However, like many other rights, "the right to be present can be waived by failure to object. [Cit.]" *Fuller v. State*, 277 Ga. 505, 506 (2) (591 SE2d 782) (2004). "[A] defendant waives appellate review of an allegedly improper judge/jury communication when, prior to verdict, [the] defendant is aware of the communication and fails to voice an objection." *Hanifa*, supra at 808 (6) (citation omitted). In this case, the court made Weaver and his counsel aware of her communication with the jury shortly after it had occurred and prior to the verdict, but Weaver and his counsel did not object to the communication. Thus, Weaver "waived [his] right to appellate review of this issue by failing to voice an objection or seek a mistrial after being informed by the trial judge, prior to the return of the jury's verdicts, of [her communication] with the jury. Upon being told of the occurrence, a motion for mistrial is a proper manner for objecting." Id. at 807-808 (6) (citations omitted). See

4

also *Allen v. State*, 297 Ga. 702, 704-705 (4) (777 SE2d 680) (2015) (defendant waived right to be present during court's conversation with juror); *Daniel v. State*, 292 Ga. App. 560, 561 (1) (665 SE2d 696) (2008) (defendant waived claim that trial court erred in responding to jury's note in absence of him and his counsel by failing to raise an objection after being informed of the communication).

b. *Right to counsel.*

Weaver relies on *Lowery v. State*, 282 Ga. 68 (646 SE2d 67) (2007) to support his argument that he was deprived of his right to counsel by the trial court's failure to notify him of the notes from the jury prior to the court's responses to those notes. But contrary to Weaver's argument, *Lowery* did not hold that such a failure violates the right to counsel. Rather, in that case, the Georgia Supreme Court assumed for the sake of argument, but did not decide, that such a failure would constitute a violation of the right to counsel, and then engaged in a harmless error analysis. Id. at 75 (4) (b) (ii).

> Assuming without deciding that the right to counsel encompasses the right to have reasonable notice of a deliberating jury's substantive communication and a meaningful opportunity to be heard with regard to the proposed response thereto, the failure of the trial court to inform counsel of the contents of the note and to seek comment on or input in the formulation of the court's response would constitute a violation of the right to counsel. Our analysis does not end here, however, because

5

even error of a constitutional magnitude, such as an abridgment of the Sixth Amendment right to counsel, can be deemed harmless. Before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. Whether a constitutional violation constitutes harmless error depends on whether the [s]tate can prove beyond a reasonable doubt that the error did not contribute to the verdict.

Id. (citations and punctuation omitted).

In the instant case, even if we assume, without deciding, that the trial court violated Weaver's right to counsel by responding to the jury notes without first notifying Weaver and his attorney, the assumed error was harmless beyond a reasonable doubt. The trial court's responses to the notes correctly informed the jury that the court could not discuss the matter without Weaver and the attorneys present and instructed the jury to continue deliberations until the matter was addressed by the court. Those responses did not address the substance of the notes insofar as they raised the issue of possible juror misconduct; rather, the responses contained a correct statement of law that merely maintained the status quo until Weaver and the attorneys had returned and were able to address the matter fully in open court. "The communication between the court and jurors neither materially affected [Weaver's] case nor did it provide a causal link to the verdict. [Cit.]" *Logan v. State*, 266 Ga. 566, 568 (2) (468 SE2d 755) (1996) (punctuation omitted). Under these circumstances, we

6

conclude that the assumed error "did not contribute to the verdict and therefore was harmless beyond a reasonable doubt." *Lowery*, supra at 76 (4) (b) (ii). See also *Logan*, supra at 567-568 (2) (harmless error for court to respond to question concerning consequences if jury unable to reach a verdict).

3. *Ineffective assistance of counsel.*

Weaver claims that his trial counsel was ineffective in failing to object to testimony that invaded the province of the jury by going to the ultimate issue in the case and by failing to object to testimony that opined as to the victim's truthfulness.

> To establish [these] claim[s] of ineffective assistance of counsel, [Weaver] must show that (1) his trial counsel's performance was professionally deficient and (2) but for such deficient performance there is a reasonable probability that the result of the trial would have been different. On appeal, this [c]ourt accepts the trial court's findings of fact, unless they are clearly erroneous. However, the trial court's legal conclusions are reviewed de novo.

*Adams v. State*, ___ Ga. ___ (2) (Case No. S15A1825, decided January 19, 2016) (citations and punctuation omitted).

a. *Ultimate issue.*

At trial, a forensic interviewer testified, among other things, that she recommends counseling in certain cases because in talking to the children "you can kind of feel that there is some additional therapy needed," and that she recommended

7

counseling in this case based on things the victim had said about how she felt and "about how she was going to have to remember this." Weaver maintains that the forensic interviewer, without objection from his counsel, was thereby allowed to testify regarding the ultimate issue at trial. We disagree.

> Ordinarily, a witness may not express his opinion as to an ultimate fact, because to do so would invade the province of the jury. [But i]n this instance, the [witness] testified only regarding the [recommendation for counseling] concerning [the child]. [She] did not testify regarding the ultimate issue in question, namely whether [Weaver sexually abused the victim].

*Lamar v. State*, 297 Ga. 89, 93 (3) (772 SE2d 636) (2015) (citation omitted). Since the forensic interviewer's testimony was not an inadmissible opinion as to the ultimate issue, "it therefore follows that [Weaver's] trial counsel was not ineffective for failing to make a meritless objection. [Cits.]" *Scott v. State*, 332 Ga. App. 559, 568 (6) (774 SE2d 137) (2015).

b. *Opinion as to truthfulness.*

Weaver also contends that the forensic interviewer improperly opined as to the victim's truthfulness. Indeed, "the credibility of a witness is to be determined by the jury, and the credibility of a victim may not be bolstered by the testimony of another

8

witness. Thus, a witness may not give an opinion as to whether the victim is telling the truth." *Canty v. State*, 318 Ga. App. 13, 16 (2) (733 SE2d 64) (2012).

However, a review of the forensic interviewer's challenged testimony reveals that the witness did not give an opinion as to the child's truthfulness, but simply noted consistencies between statements made by the victim during her forensic interview and in another statement introduced by the defense. The witness "merely indicated that [the victim] was consistent in her story. She did not address whether [the victim's] story was believable nor did she opine that it was truthful. Thus, [the witness] did not directly comment on [the victim's] credibility[.]" *Carter v. State*, 320 Ga. App. 454, 461 (4) (b) (740 SE2d 195) (2013) (citation and punctuation omitted). And once again, "since the testimony was admissible, an objection to it would have been without merit, and failure to make a meritless objection does not constitute ineffective assistance of counsel." Id. (citation and punctuation omitted).

4. *Judge's opinion as to guilt.*

While the trial court was questioning the juror discussed above in Division 2, the juror revealed that she had written "not guilty" on her notes before the end of the presentation of evidence. Amongst other things, the trial court asked the juror about that note to determine whether she had prematurely made a decision in the case or if

9

she had kept an open mind during the trial and was participating in the jury deliberations. Weaver complains that this questioning by the judge constituted an impermissible comment as to his guilt. We disagree.

Former OCGA § 17-8-57, in effect at the time of trial, provided that "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[1] Here, the judge merely sought to clarify the juror's statements regarding her notes taken during the trial. Thus, "[c]ontrary to [Weaver's] argument, the trial court's mere clarification of [the juror's statements] did not constitute the type of direct comment [as to guilt] that would violate OCGA § 17-8-57. [Cit.]" *Wallace v. State*, ___ Ga. App. ___ (1) (779 SE2d 130) (2015). See also *Alexander v. State*, 294 Ga. 345, 348 (3) (751 SE2d 408) (2013) (trial court's questions posed for purpose of clarifying testimony did not express or intimate an opinion regarding the evidence or the guilt of the accused).

---

[1] OCGA § 17-8-57 (a) (1) of the current code similarly provides: "It is error for any judge, during any phase of any criminal case, to express or intimate to the jury the judge's opinion as to whether a fact at issue has or has not been proved or as to the guilt of the accused."

*Judgment affirmed.  Dillard, J., concurs; Ellington, P. J., concurs in the judgment only.*